346 So.2d 376 (1977)
David JONES
v.
STATE of Mississippi.
No. 49961.
Supreme Court of Mississippi.
May 25, 1977.
Blackmon, Smith & Nichols, George C. Nichols, Canton, for appellant.
A.F. Summer, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, P.J., and ROBERTSON and WALKER, JJ.
WALKER, Justice, for the Court:
On March 16, 1976, David Jones was tried in the Circuit Court of Madison County, Mississippi, and found guilty of murder. The court sentenced Jones to life imprisonment in the state penitentiary. That conviction was not appealed to this Court.
On June 28, 1976, Jones filed his petition for a writ of error coram nobis in the Circuit Court of Madison County, alleging that his attorney's actions had effectively deprived him of his right to appeal. The statement of facts accompanying Jones' sworn petition stated that his lawyer had told Jones' family that the appeal would cost approximately $3,000, which the family did not have. Jones further stated that the lawyer told his family that the court would not allow him to proceed in forma pauperis. Acting without an evidentiary hearing, the circuit court dismissed the petition "for the reason that it is not properly the subject of Coram Nobis." Jones has perfected his appeal to this Court.
In his petition Jones does not allege any infirmity in the conduct of his trial. Rather, he alleges that he was denied an appeal through a fault of his counsel. The trial court therefore correctly concluded that coram nobis was an inappropriate remedy, since its proper function is to vacate a judgment that never should have been issued in the first place. This purpose was best described in Botts v. State, 210 So.2d 777, 779 (Miss. 1968):
The function of a writ of error coram nobis is to bring to the court's attention some matter or fact which does not appear on the face of the record which was unknown to the court or the parties at the time, and which, if known, and properly presented, would have prevented the rendition of the original judgment. (Emphasis added).
The facts alleged by Jones would not have prevented the rendition of the original judgment, since they took place after the *377 rendition of the original judgment. Therefore, coram nobis does not apply.
Furthermore, the relief available after a successful petition for writ of error coram nobis would be inappropriate in this case. Were the trial court to find merit in his allegations, it could only grant him a new trial. Allred v. State, 187 So.2d 28, 32 (Miss. 1966). However, Jones has not alleged that he was deprived of a fair trial, but that he was deprived of an appeal. Jones is actually asking for an appeal to this Court, and the trial court has no authority to grant that relief.
This does not mean that Jones is entirely without a remedy. This Court has stated, "Due process requires adequate post conviction remedies." In Re Broom, 251 Miss. 25, 29, 168 So.2d 44, 46 (1964). Jones' proper remedy is to file with this Court a petition for an appeal. With his petition, he should file the same sort of affidavits as are required by our Supreme Court Rule 38 for a petition for writ of error coram nobis originally filed with this Court. Upon receipt of such a petition and accompanying affidavits, this Court may decide for itself what relief may be due.
Since the trial court properly concluded that coram nobis is an inappropriate remedy in this case, its judgment must be affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.