ON PETITION FOR APPEAL
David Jones has filed his pro se petition for an appeal and in support thereof alleges that on March 16, 1976, that he was tried in the Circuit Court of Madison County, Mississippi, *Page 90 
found guilty of murder, and sentenced to life in the state penitentiary. He admits that no appeal was taken therefrom within the time prescribed by law. However, he alleges that on June 28, 1976, he filed a petition for writ of error coram nobis in the Circuit Court of Madison County, charging that his attorney's actions effectively deprived him of his right to appeal. That petition was dismissed without an evidentiary hearing by the circuit judge "for the reason it is not properly the subject of coram nobis." From that dismissal of his petition for writ of error coram nobis, the petitioner appealed to the Supreme Court and this Court in Jones v. State, 346 So.2d 376 (Miss. 1977) affirmed the action of the trial court saying:
 In his petition Jones does not allege any infirmity in the conduct of his trial. Rather, he alleges that he was denied an appeal through a fault of his counsel. The trial court therefore correctly concluded that coram nobis was an inappropriate remedy, since its proper function is to vacate a judgment that never should have been issued in the first place. (346 So.2d at 376).
The Court went on to say:
 Furthermore, the relief available after a successful petition for writ of error coram nobis would be inappropriate in this case. Were the trial court to find merit in his allegations, it could only grant him a new trial. Allred v. State, 187 So.2d 28, 32 (Miss. 1966). However, Jones has not alleged that he was deprived of a fair trial, but that he was deprived of an appeal. Jones is actually asking for an appeal to this Court, and the trial court has no authority to grant that relief. (Id. at 377).
The Court further stated:
 Jones' proper remedy is to file with this Court a petition for an appeal. With his petition, he should file the same sort of affidavits as are required by our Supreme Court Rule 38 for a petition for writ of error coram nobis originally filed with this Court. Upon receipt of such a petition and accompanying affidavits, this Court may decide for itself what relief may be due. (Id. at 377).
The procedure adopted in Jones is a new procedure designed to afford an adequate post-conviction remedy in those cases where a person is convicted of a crime and through no fault of his own is effectively denied his right to perfect his appeal[1] within the time prescribed by law by the acts of his attorney or the trial court.
The petitioner in this case was represented by his own retained counsel on his original trial for murder. In his petition and affidavits now before the Court, the petitioner alleges that after the completion of the trial petitioner was returned to jail; that petitioner's attorney did not come to the jail to confer with him concerning taking an appeal; that members of petitioner's family talked to the attorney about appealing petitioner's conviction and were informed that he was going to perfect an appeal in the matter; that petitioner requested members of his family to ask the attorney to visit him at the jail, which the family did and were assured by the attorney that he would visit the petitioner; that the attorney did not visit petitioner at the jail to confer with him about an appeal; that the attorney told members of the family that he would charge $3,000 to appeal the conviction and this information was related to petitioner who alleged that he did not have the money to pay for an appeal; that the petitioner had members of the family request the attorney to ask the court to appoint a lawyer to represent him on appeal; that the attorney stated that he would ask the court to appoint a lawyer and later advised members of the family that he had requested the court to appoint petitioner a lawyer and that the court advised him that the petitioner did not have the right to a lawyer on appeal. Affidavits to the above facts were made by three members of the petitioner's family: Angel Lee Stevenson, Ora Lee Stevenson and Ola Mae Stevenson. Said affidavits are attached to the petition now under consideration. *Page 91 
An accused is not only entitled to counsel at trial, but he is entitled to counsel on appeal from a conviction on the merits. If he is an indigent and unable to afford an attorney, then he is entitled to a court-appointed attorney at trial and on appeal. On the other hand, if he is able to afford an attorney at trial but subsequently is reduced to the status of an indigent, then he is entitled to have a court-appointed attorney to represent him on appeal.
If the allegations of appellant's petition and the affidavits attached thereto are correct, then he has been denied, through no fault of his own, equal protection of the law in that he has been denied the right to have his conviction reviewed on appeal.
Therefore, the Clerk of this Court is directed to send a copy of Jones' petition for appeal to the Circuit Court of Madison County, Mississippi, to be filed therein. The trial court shall afford petitioner an opportunity for a hearing within a reasonable time to which the defendant may summons witnesses as in other cases. The purpose of the hearing shall be to determine whether petitioner is an indigent and whether his trial attorney denied him his right to perfect an appeal within the time prescribed by statute through misrepresentation to the petitioner regarding his right to a court-appointed attorney on appeal. If the court finds that the petitioner has not sustained his allegations by a preponderance of the evidence, the court shall order the petition dismissed. An appeal may be had from that order. On the other hand, if the lower court finds that the allegations of the petition have been sustained by a preponderance of the evidence and the petitioner is indigent and has no retained counsel, then the court shall appoint an attorney to represent petitioner on appeal. The court-appointed attorney shall then take all necessary steps prescribed by statute to perfect an appeal from the original judgment of conviction within the time allowed by law, such time to run from the date of the court's order appointing such attorney.
A copy of the petition for appeal together with this order shall be sent by the Clerk of this Court to the district attorney and circuit judge, or senior circuit judge, if more than one, where petitioner was convicted.
This procedure shall operate prospectively only and shall not be available to defendants whose petitions are not presently pending before this Court.
PETITION FOR APPEAL GRANTED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.
[1] Mississippi Code Annotated section 99-15-15 (1972).