ON PETITION FOR APPEAL
EN BANC.
WALKER, Justice,
for the Court:
Micky Ray Smith has filed his pro se petition for appeal and in support thereof alleges that he was tried in the Circuit Court of Jackson County, Mississippi, found guilty of murder, and sentenced to life in the state penitentiary. He admits no appeal was taken therefrom within the time prescribed by law. The petition is denied.
Since the petition for appeal is a relatively new remedy, we take this opportunity to summarize its development.
In Jones v. State, 346 So.2d 376 (Miss.1977), the petitioner on a writ of error coram nobis requested permission to file an appeal to this Court where the time for appeal had expired. He alleged that he had failed to file a timely appeal through no fault of his own but because he could not afford an appeal and his attorney told his family that the Court would not allow him to appeal in forma pauperis. The trial court held, and we agreed, that such relief was not available on a petition for writ of error coram nobis since the trial court had no authority to grant an appeal to this Court. We went on however, to create a new remedy, a petition for appeal, and pointed out that such a petition should be filed in this Court but conforming to Supreme Court Rule 38, the requirements for a petition for writ of error coram nobis. Prior to that time, no remedy for an out-of-time appeal had been allowed.
Subsequently, the petitioner, Jones, filed such a petition. In Jones v. State, Misc.No. 830, 355 So.2d 89 (Miss., 1978), we granted his petition and went on to specify when such a petition was warranted and how the procedure was to be implemented.
We first pointed out that the remedy would be available, “. . . where a person is convicted of a crime and through no fault of his own is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attor *406 ney or the trial court.” Jones v. State, Misc.No. 830, 355 So.2d 89 at p. 90 (Miss., 1978).
After finding that the petition was in compliance with the requirements of Mississippi Supreme Court Rule 38, we set forth the procedure to be followed when such a petition is granted. The Clerk of the Supreme Court was directed to send a copy of the petition for appeal to the Circuit Court in which the original trial was held, to be filed therein.
We then specified that:
The trial court shall afford petitioner an opportunity for a hearing within a reasonable time to which the defendant may summons witnesses as in other cases. The purpose of the hearing shall be to determine whether petitioner is an indigent and whether his trial attorney denied him his right to perfect an appeal within the time prescribed by statute through misrepresentation to the petitioner regarding his right to a court-appointed attorney on appeal. If the court finds that the petitioner has not sustained his allegations by a preponderance of the evidence, the court shall order the petition dismissed. An appeal may be had from that order. On the other hand, if the lower court finds that the allegations of the petition have been sustained by a preponderance of the evidence and the petitioner is indigent and has no retained counsel, then the court shall appoint an attorney to represent petitioner on appeal. The court-appointed attorney shall then take all necessary steps prescribed by statute to perfect an appeal from the original judgment of conviction within the time allowed by law, such time to run from the date of the court’s order appointing such attorney.
A copy of the petition for appeal together with this order shall be sent by the Clerk of this Court to the district attorney and circuit judge, or senior circuit judge, if more than one, where petitioner was convicted.
This procedure shall operate prospectively only and shall not be available to defendants whose petitions are not presently pending before this Court.
In promulgating the procedures, we expressly stated that the remedy “shall operate prospectively only and shall not be available to defendants whose petitions are not presently pending before this Court.”
The present case was tried to the lower court on July 11, 1977. The latter Jones’ case was decided on February 5, 1978, and this petition was filed on March 1, 1978. Thus, the trial took place before the Jones’ ruling which is prospective only, and the petition was not pending when Jones was decided. For this reason, the petition is denied.
PETITION FOR APPEAL DENIED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.