ROY NOBLE LEE, Justice,
for the Court:
Otha Lee Robinson was tried at the November term, 1980, in the Circuit Court of Lowndes County, Mississippi, found guilty of murder, and sentenced to life imprisonment in the state penitentiary. No appeal was taken from that conviction and sentence. Robinson was represented by a court-appointed attorney.
On May 18, 1981, Robinson filed an instrument in the Circuit Court of Lowndes County, designated as “Notice of Appeal,” and on May 19,1981, he filed an instrument entitled “Petition for a Writ of Error Cor-am Nobis.” These instruments were prepared and filed pro se, were roughly drawn, and not in proper form. , The Lowndes County Circuit Court heard the matters on May 29, 1981, and entered orders denying the petition for writ of error coram nobis on the ground that it was without merit, and overruling the motion for out-of-time appeal on the ground that the evidence was overwhelming as to the defendant’s guilt and that the motion was frivolous. Al *720 though there is no record here of an eviden-tiary hearing, the lower court correctly denied the petition for writ of error coram nobis because the relief sought could not be granted under that instrument, even if it had been in proper form. The motion for an out-of-time appeal was properly overruled for the reason that a petition (motion) for an out-of-time appeal must be presented initially to the Mississippi Supreme Court for action. Jones v. State, 346 So.2d 376 (Miss.1977). Therefore, we affirm the lower court in Cause No. 53,279.
On August 26, 1981, Robinson filed a pro se petition with this Court for an out-of-time appeal, which appears on the docket as Miscellaneous No. 1237. The petition was passed for consideration along with Cause No. 53,279. Robinson avers that after sentence was passed upon him on November 13, 1980, he made known to the trial judge that he desired an appeal to the Mississippi Supreme Court; that he was told to talk with his court-appointed attorney; and that said attorney advised Robinson and his family that he could not appeal the conviction. The petition is supported by the affidavits of Hattie V. Robinson, Margaret Robinson, and Llease Robinson, relatives of Otha Lee Robinson, which set out that Otha Lee Robinson’s court-appointed attorney stated in their presence that he could not appeal the conviction and sentence and, because of that advice, no appeal was taken on behalf of Robinson.
In Jones v. State, 355 So.2d 89, 91 (Miss.1978), this Court said:
An accused is not only entitled to counsel at trial, but he is entitled to counsel on appeal from a conviction on the merits. If he is an indigent and unable to afford an attorney, then he is entitled to a court-appointed attorney at trial and on appeal. On the other hand, if he is able to afford an attorney at trial but subsequently is reduced to the status of an indigent, then he is entitled to have a court-appointed attorney to represent him on appeal.
If the allegations of appellant’s petition and the affidavits attached thereto are correct, then he has been denied, through no fault of his own, equal protection of the law in that he has been denied the right to have his conviction reviewed on appeal.
Therefore, the Clerk of this Court is directed to send a copy of Jones’ petition for appeal to the Circuit Court of Madison County, Mississippi, to be filed therein. The trial court shall afford petitioner an opportunity for a hearing within a reasonable time to which the defendant may summons witnesses as in other cases. The purpose of the hearing shall be to determine whether petitioner is an indigent and whether his trial attorney denied him his right to perfect an appeal within the time prescribed by statute through misrepresentation to the petitioner regarding his right to a court-appointed attorney on appeal. If the court finds that the petitioner has not sustained his allegations by a preponderance of the evidence, the court shall order the petition dismissed. An appeal may be had from that order. On the other hand, if the lower court finds that the allegations of the petition have been sustained by a preponderance of the evidence and the petitioner is indigent and has no retained counsel, then the court shall appoint an attorney to represent petitioner on appeal. The court-appointed attorney shall then take all necessary steps prescribed by statute to perfect an appeal from the original judgment of conviction within the time allowed by law, such time to run from the date of the court’s order appointing such attorney.
A copy of the petition for appeal together with this order shall be sent by the Clerk of this Court to the district attorney and circuit judge, or senior circuit judge, if more than one, where petitioner was convicted.
The clerk of this Court is directed to send copies of the petition for appeal filed here, together with this opinion and order, *721 to the appropriate circuit judge, district attorney, and circuit clerk for an evidentiary hearing as outlined in Jones v. State, supra. Robinson having suggested his indigency and requested the court to appoint an attorney for him, the trial judge should conduct an evidentiary hearing to determine whether or not Robinson is in fact indigent and, if so, appoint an attorney to represent him.
AFFIRMED AS TO CAUSE NO. 53,279; PETITION FOR APPEAL IN MISC. NO. 1237 REMANDED TO THE LOWER COURT FOR HEARING,
PATTERSON, C. J., SMITH and SUGG, P. JJ., and WALKER, BROOM, BOWLING, HAWKINS and DAN M. LEE, JJ., concur,