422 So.2d 747 (1982)
Everin C. NEAL, Jr.
v.
STATE of Mississippi.
No. 53909.
Supreme Court of Mississippi.
November 24, 1982.
*748 Everin C. Neal, Jr., pro se.
Bill Allain, Atty. Gen. by Amy D. Whitten, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and BOWLING and PRATHER, JJ.
PRATHER, Justice, for the Court:
Everin C. Neal, Jr., an inmate, filed a petition which sought a writ of error coram nobis in the Circuit Court of Clarke County.[1] His petition was accompanied by a request for appointment of counsel. In the proceeding which followed, the circuit court judge denied Neal's requests. On appeal, Neal does not contest the denial of his writ for error coram nobis, but he does raise the issue of whether counsel must be appointed to represent an indigent prisoner seeking post-conviction relief.
There are several remedies which are provided to defendants and inmates. The constitutional right of an accused to be represented by counsel has long been recognized in legislative enactments. See Miss. Code Ann. § 99-15-15 (1972) (accused shall have representation available at every critical stage); Miss. Code Ann. § 99-15-17 (Supp. 1982) (statute setting forth the amount of compensation allowed to appointed counsel for trial and appellate work). And, our case law has provided further guidance in applying this right. In Jones v. State, 355 So.2d 89 (Miss. 1978), our Court stated:

An accused is not only entitled to counsel at trial, but he is entitled to counsel on appeal from a conviction on the merits. If he is an indigent and unable to afford an attorney, then he is entitled to a court-appointed attorney at trial and on appeal. On the other hand, if he is able to afford an attorney at trial but subsequently is reduced to the status of an indigent, then he is entitled to have a court-appointed attorney to represent him on appeal. (Emphasis added).
[Id. at 91].
This case, however, does not come within that status. Several federal courts have recognized that the sixth and fourteenth amendments' right of counsel to an accused no longer applies after conviction upon appeal. See, e.g. Stevenson v. Reed, 391 F. Supp. 1375 (N.D.Miss. 1975), aff'd, 530 F.2d 1207 (5th Cir.1976), cert. denied, 429 U.S. 944, 97 S.Ct. 365, 50 L.Ed.2d 315 (1976) (once imprisonment pursuant to final conviction has begun, different constitutional protections begin) (State of Mississippi is not required to provide an attorney to represent an inmate who challenges conviction through habeas corpus). We agree with this limitation.
Moreover, the equal protection clause does not require the appointment of counsel in any discretionary or collateral proceedings. Compare Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) (states are not bound by equal protection clause to provide counsel for defendants who seek discretionary appeals in state courts or certiorari in the United States Supreme Court) with Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (equal protection clause requires appointment of counsel for indigent defendant who seeks an appeal as of right).
In fact, the only requirement placed upon states with regard to collateral attacks upon convictions is compliance with the constitutional right of access to the courts. The United States Supreme Court has defined this right as requiring prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries, or to provide adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). This requirement alone is more than adequate to determine whether a writ of error coram nobis should be *749 granted. Ordinarily, an inmate will have the benefit of introducing a trial record, appellate briefs, and an appellate opinion, as well as offering any relevant testimony. In our opinion, the appellant has been afforded adequate legal assistance by the Mississippi Department of Corrections and no more is required.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P.JJ., and BROOM, ROY NOBLE LEE, HAWKINS, BOWLING and DAN M. LEE, JJ., concur.
NOTES
[1] Neal was convicted for the crime of manslaughter and sentenced as an habitual criminal to a term of twenty (20) years without parole. The petition for a writ of error coram nobis challenged the legality of a prior burglary conviction upon which the habitual criminal status was based in part.