426 So.2d 792 (1983)
Eddie Lee WILSON a/k/a Billy Wilson
v.
STATE of Mississippi.
No. 54020.
Supreme Court of Mississippi.
February 16, 1983.
Carroll Rhodes, Hazlehurst, for appellant.
Bill Allain, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.

ON PETITION FOR APPEAL
PATTERSON, Chief Justice, for the Court:
Eddie Lee Wilson, alias Billy Wilson, was convicted on March 7, 1978 of attempted rape and on March 14, 1978 of armed robbery. On March 14, 1978 he was sentenced to serve thirty five years in the state penitentiary for the armed robbery conviction and ten years for the attempted rape conviction to run consecutively with the armed robbery conviction. Wilson filed Motions For a New Trial in both causes which were overruled on March 17, 1978, by the Circuit Court of Copiah County.
On March 27, 1978, Wilson filed a Notice to Appeal both convictions to this Court *793 with the Circuit Clerk of Copiah County and with the official court reporter. He signed an Affidavit in Lieu of Bond for Appeal of the armed robbery conviction on March 9, 1978 (evidently this is a typographical error and should read May 9, 1978), and signed an Affidavit in Lieu of Bond for Appeal of the attempted rape conviction on May 9, 1978. Both affidavits were filed with the circuit clerk on May 9, 1978.
On June 21, 1978, this Court sustained a Motion to Docket and Dismiss both appeals because they were not timely filed. Thereafter, February 26, 1981, Wilson filed a Petition For an Out of Time Appeal to this Court which was remanded to the Circuit Court of Copiah County for proceedings in accordance with Jones v. State, 355 So.2d 89 (Miss. 1978). In compliance with the remand, a hearing was conducted in the Circuit Court of such county which denied the petitioner's request for an out of time appeal.
Wilson was the only witness in the hearing proceedings. He testified that in both the armed robbery and attempted rape cases, he was represented by Attorney Firnist Alexander who had been retained by his father. Wilson testified he advised Alexander that he wanted to appeal the convictions at the time he was found guilty and again when he was taken to the Copiah County Jail, and that he repeated the request after his arrival at Parchman. He stated that Alexander advised him he had been retained to appeal the cases and repeatedly assured him his convictions were on appeal. With the passage of time he became concerned that nothing was being done and contacted the Attorney General of the State who, after investigation, advised him his cases were not on appeal.
The trial court denied Wilson's Petition For an Out of Time Appeal finding that no misrepresentations had been made to Wilson concerning his right to appeal, his right to retained counsel, or his right to have court appointed counsel on appeal. The trial court was also justifiably concerned about the passage of time from the convictions until the hearing in this cause. However, the trial court expressed no finding as to whether Wilson had established by a preponderance of the evidence that Alexander misrepresented the status of the appeal.
There is no suggestion that the trial court did not adequately advise Wilson of his rights concerning an appeal, including his right to a court appointed attorney if he was indigent. Neither is there any question concerning the dismissal of the previous appeals because they were not timely filed.
The present problem arises from the directives of Jones v. State, 355 So.2d 89, 90 (Miss. 1978), in which we held that an out of time appeal is warranted "where a person is convicted of a crime and through no fault of his own is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attorney or the trial court," provided the above prerequisites are established by a preponderance of the evidence.
Wilson's sworn testimony that Alexander misrepresented to him the status of the two appeals was uncontradicted by other testimony, the physical facts or facts of common knowledge. Moreover, in the context given, the testimony is not unreasonable. Under these circumstances we must accept his testimony as true. Edwards v. Mid-State Paving Company, 300 So.2d 794 (Miss. 1974); Hearin-Miller Transporters, Inc. v. Currie, 248 So.2d 451 (Miss. 1971); Reyer v. Pearl River Tung Co., 219 Miss. 211, 68 So.2d 442 (1953). We therefore are of the opinion the petitioner presented a prima facie case for the relief he sought.
Unfortunately this conclusion presents another issue and that is whether this Court should reverse and direct the trial court to permit the appeals or whether the cause should be reversed and remanded for additional testimony to be taken. A majority of the court is of the opinion the cause should be reversed and the court directed to permit the appeals.[1]
*794 REVERSED. THE TRIAL COURT IS DIRECTED TO PERMIT THE APPEALS.
ROY NOBLE LEE, BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.
DAN M. LEE, J., specially concurs.
WALKER and BROOM, P.JJ., dissent.
DAN M. LEE, Justice, specially concurring:
I agree with the majority that this case should be reversed, there being no proof other than that appellant was misled by his attorney, therefore effectively denying his right to appeal. However, I also agree with Justice Walker in his dissent that Jones v. State, 355 So.2d 89 (Miss. 1978), stands only for the authority that "through no fault of his own is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attorney or the trial court."
The record in this case does not disclose any contact with the attorney who was then representing appellant as to whether he effectively denied appellant his right to perfect his appeal.
The purpose of the evidentiary hearing under Jones is to develop the facts on both sides of the issue, not one side.
I would reverse and remand this case to the circuit court for a full evidentiary hearing as contemplated under Jones.
WALKER, Presiding Justice, dissenting:
I respectfully dissent from the holding of the majority that Jones v. State, 355 So.2d 89 (Miss. 1978) is authority for granting an appeal in this case, nearly four years after the 45-day period in which to appeal as prescribed by Mississippi Code Annotated section 11-51-5 (Supp. 1982) expired. The failure of the attorney to appeal was the result of the attorney's neglect and lack of attention to his business. The fact that he later told his client that he had appealed is of no consequence. I think that all litigants should be treated with some degree of consistency in our rulings. Since I have been on this Court literally dozens of cases have been dismissed for failure of the attorney to perfect the appeal within the 45-day limitation. The result of this case is to say to all future litigants, that if your attorney neglects to file an appeal within the 45 days prescribed by section 11-51-5, that you (the client) will not be charged with his neglect and that all you need to do is get another attorney to perfect an out-of-time appeal.
A strict rule sometime creates a harsh result. However, even more injustice will occur by allowing out-of-time appeals where the attorney was negligent in the first instance. For example, in this case it is not unlikely that Wilson, who was convicted of armed robbery and attempted rape, will successfully thwart justice and escape punishment because of absent or dead witnesses or lost evidence, now that four years have elapsed.
The Jones case clearly applies only in those cases where the attorney or the court advises a defendant within the period in which an appeal must be perfected that he does not have a right to appeal. It is not authority for covering negligent acts of attorneys.
If out-of-time appeals are allowed under the circumstances of this case, then out-of-time appeals should be allowed under similar circumstances in civil cases.
BROOM, P.J., joins this dissent.
NOTES
[1] The appeals permitted are in Cause Nos. 12,928-A and 12,929-A. Mention is made in the record of Cause No. 12,930-A however it was not included in the Petition For Out of Time Appeal.