ON MOTION FOR LEAVE TO FILE OUT OF TIME APPEAL
George A. Williams, Clarence Brown and Johnny Brown are each in the custody of the Mississippi Department of Corrections pursuant to sentences imposed by the Circuit Court of Yazoo County, Mississippi. On November 12, 1982, this trio of petitioners filed applications for habeas corpus relief in that Court. Ten days later, on November 22, 1982, the Circuit Court entered an order summarily denying petitioners any relief. Our problem arises from the fact that no one notified petitioners that their applications had been acted upon.
On July 30, 1984, well after expiration of the time period within which any appeal to this Court should have been perfected, the three filed in this Court the instant motions. They seek leave to file an out of time appeal. For the reasons set forth below, the motions must be remanded to the Circuit Court. Because important issues are implicated, we write briefly.
Petitioners' applications for habeas corpus relief must be treated as having been filed in accordance with Rule 8.07 of the Uniform Criminal Rules of Circuit Court Practice. Ball v.State, 437 So.2d 423, 425 (Miss. 1983).
Rule 8.07 requires that each petition be examined promptly by the judge of the court in which the petition is filed and
 "(3) If from the showing made by the petition it is manifest that the person whom, or on whose behalf, it is presented is not entitled to any relief, the Court can refuse to grant the writ and enter an appropriate order."
Apparently the trial judge acted under this provision when he entered his order of November 22, 1982.
Obviously, the Circuit Court cannot just deny the petition and not tell anybody. The petitioner is entitled to notice when final action is taken. Particularly where a petitioner is incarcerated and has no ready access to the court's records or the clerk's office, he must be so notified. *Page 1043 
By analogy we note that the preceeding subsection in Rule 8.07 provides that
 "(2) If the petitioner, upon examination, does not substantially comply with the requirements of this rule, it need not be entertained on its merits and the clerk shall so notify petitioner." [Emphasis added]
Subsection (3) should be construed as though the words "and the clerk shall so notify petitioner" were included at its end the same as at the end of subsection (2).
Petitioners now say to us that they would like to appeal the order of November 22, 1982. They say that, if they had known of entry of the November 22 order, they would have perfected their appeal timely. They charge that they cannot be deprived of the right to appeal by virtue of the Circuit Court's having failed to notify them of the entry of the order dismissing their petition.
If there is to be a time limit for giving notice of appeal, and if the clock begins to tick when the final order is entered, petitioners are entitled to notice of entry of that orderpromptly after it has been filed. To deny petitioners this right under such circumstances would, they say, deny them due process rights secured by the Fourteenth Amendment to the Constitution of the United States and by Article 3, Section 14 of the Mississippi Constitution of 1890. There is much merit in this contention. Cf. City of Gulfport v. Saxton, 437 So.2d 1215, 1217 (Miss. 1983).
Rule 8.07, with respect to appeals, provides:
 "(1) Any party aggrieved by the judgment on the hearing of habeas corpus or the refusal to grant a hearing of habeas corpus shall have the right to an appeal to the State Supreme Court.
 (2) Such appeal may be had by or in behalf of the person deprived of his liberty on the same terms and conditions as are provided for in criminal cases; but such appeal shall not entitle a party to be discharged on bail in any case held not to be one in which the party entitled to bail. In all other cases, an appeal may be had on the terms prescribed for appeals in civil cases where a supersedeas is not desired."
Jones v. State, 346 So.2d 376 (Miss. 1977), appeal granted355 So.2d 89 (Miss. 1978), established a procedure for the taking of an appeal in a criminal case where the appeal was not timely perfected through no fault of the criminal defendant. When Rule 8.07 provides that parties such as these three petitioners have a right to appeal to this Court "on the same terms and conditions as are provided for in criminal cases", this, in our view, invokes the procedures of the Jones case.
The operative point in Jones as applicable here is whether these three petitioners, or any of them, failed to perfect appeals from the order of November 22, 1982, through no fault oftheir own. This question should in the first instance be heard by the circuit court. Robinson v. State, 409 So.2d 719, 720-721 (Miss. 1982).
We are mindful of the recent enactment of the Mississippi Uniform Post-Conviction Collateral Relief Act, approved by the Governor on April 17, 1984. Miss. Laws of 1984, chapter 378 [Senate Bill No. 2186]. That act purports to supersede Rule 8.07. Without passing on the question whether that act may lawfully supersede a procedural rule promulgated by this Court, we regard this proceeding as governed by Rule 8.07 for two reasons. First, the original application for habeas corpus relief was made in this case on November 12, 1982, well prior to the enactment of the new post-conviction relief act. Second, Section 13(1) of the new act provides
 A final judgment entered under this act may be reviewed by the Supreme Court of Mississippi on appeal brought either by the prisoner or the state on such terms and conditions as are provided for in criminal cases. [Emphasis]
This is essentially the same as has been provided in the Appeal subpart of Rule 8.07. Suffice it to say that we find nothing in the new post-conviction relief act that informs or affects today's decision. *Page 1044 
The case is remanded to the Circuit Court of Yazoo County, Mississippi. Upon remand, the Circuit Court is directed to hold a hearing in the case of each of these petitioners in accordance with Jones v. State, 355 So.2d 89 (Miss. 1978) and, in accordance with the standards there announced, determine separately in each case whether an out of time appeal should be allowed. See Wilson v. State, 426 So.2d 792, 793 (Miss. 1983) (implementing Jones); Robinson v. State, 409 So.2d 719 (Miss. 1982) (same); Smith v. State, 358 So.2d 405 (Miss. 1978) (same). Each petitioner shall be allowed reasonable opportunity in advance of the hearing to file such amended or supplemental pleadings and affidavits as he may desire, with the State to be given a like opportunity to respond.
REMANDED.
WALKER and ROY NOBLE LEE, P.JJ. and BOWLING, HAWKINS, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.