497 So.2d 443 (1986)
Freddie BARNETT
v.
STATE of Mississippi.
No. 57225.
Supreme Court of Mississippi.
November 5, 1986.
Freddie Barnett, pro se.
*444 Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and SULLIVAN and GRIFFIN, JJ.
WALKER, Chief Justice, for the Court:
In June of 1984, Freddie Barnett was convicted of aggravated assault and sentenced to a term of twenty (20) years. Some sixteen (16) months later, he filed in the Circuit Court of Warren County a motion for an out-of-time appeal. The circuit court denied the motion without conducting an evidentiary hearing. From that denial, Barnett appeals. Because the lower court erred in finding Barnett's claim to be manifestly without merit, we reverse and remand for an evidentiary hearing.
In his motion for an out-of-time appeal, Barnett alleged the following: He was convicted of aggravated assault on June 22, 1984, and after the verdict he told his court-appointed attorney that he wanted to appeal the conviction. In April of 1985, ten (10) months after his conviction, he was transported from the county jail to the state penitentiary. He then filed in the Circuit Court of Warren County a motion to be transferred back to the county jail pending appeal. The district attorney's office filed a motion to dismiss, claiming that no appeal was pending. Subsequently, the circuit court granted the motion to dismiss. According to Barnett's allegations, he believed his appeal was pending until he received the district attorney's motion to dismiss his motion to be transferred to the county jail pending appeal.
Attached to the motion for out-of-time appeal were three (3) affidavits: Freddie Barnett, in his affidavit, stated that he told his attorney of his desire to appeal, and that his attorney informed him the case was being appealed. Gladys Barnett (Freddie's mother), in her affidavit stated that her son's attorney told her the case was being appealed. She further stated that her son called her from the state penitentiary, told her that his case was not being appealed, and asked her to call the attorney and find out what happened. She further stated that when she called the attorney, he said that Freddie "should have not done what he did and when he [got] out maybe he would do better." Floree Fletcher, in her affidavit, stated that she drove her Aunt Gladys to different people's houses trying to get Freddie's appeal bond signed.
Finding the motion for out-of-time appeal to be manifestly without merit, the trial court denied it without conducting an evidentiary hearing. In doing so the trial court erred. If Barnett's allegations are true, then he has, through no fault of his own, been denied his right to appeal. Wilson v. State, 426 So.2d 792 (Miss. 1983); Jones v. State, 355 So.2d 89 (Miss. 1978).
The State argues that Barnett's allegations are insufficient to make out a prima facie case. Specifically, the State points to Barnett's allegation that, "after the verdict," he asked his attorney to appeal. According to the State's theory, the request could have been made at any time "after the verdict," and thus could have been made after the time for filing notice of appeal had elapsed, in which case the failure to appeal would be Barnett's responsibility rather than his attorney's. We do not believe such a harsh construction of the allegations of a pro se petitioner would serve the interests of justice in this case.
The case is remanded for an evidentiary hearing in accordance with Mississippi Code Annotated § 99-39-23 (Supp. 1985). If Barnett proves, by a preponderance of the evidence, that he, within the time for filing notice of appeal, asked his attorney to appeal, and that his attorney, through no fault of Barnett's, failed to appeal, then the motion for out-of-time appeal should be granted, and counsel should be appointed to represent Barnett for purposes of that appeal as provided for in Jones v. State, 355 So.2d 89 (Miss. 1978).
REVERSED AND REMANDED FOR EVIDENTIARY HEARING.
*445 ROY NOBLE LEE and HAWKINS, P. JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.