762 So.2d 814 (2000)
Roger Kline DENTON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-01191-COA.
Court of Appeals of Mississippi.
June 27, 2000.
*815 Roger Kline Denton, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, Attorneys for Appellee.
BEFORE McMILLIN, C.J., LEE, AND THOMAS, JJ.
*816 LEE, J., for the Court:
¶ 1. Roger Kline Denton pled guilty to sexual battery pursuant to Miss.Code Ann. § 97-3-95 (Rev.1994), and he was sentenced to serve twelve years in the Mississippi Department of Corrections. Denton acting pro se, claiming he had the assistance of a writ writer, filed a petition for post-conviction collateral relief. In his petition for post-conviction collateral relief, Denton argued that his conviction and sentence be vacated and that he should be awarded a jury trial primarily due to his claim of ineffective assistance of counsel. The trial judge denied Denton's petition for post-conviction collateral relief. Subsequently, Denton filed an untimely notice of appeal, together with a motion for out of time appeal. The motion for out of time appeal was denied by the trial court. As a result, Denton has filed a pro se brief and presents the following issue whether the trial court erred in denying Denton's request for an out of time appeal. Finding this issue to be without merit, we affirm the judgment of the lower court.

FACTS
¶ 2. After pleading guilty to sexual battery, Denton filed a petition for post-conviction collateral relief. In this motion, Denton requested the trial court to vacate his conviction and sentence because there was evidence not previously presented, an improper indictment, that his attorney "scared" him into pleading guilty, and he received ineffective assistance of counsel. The trial judge summarily denied this motion. Subsequently, Denton filed a notice of appeal, together with a motion for out of time appeal. This motion was subsequently denied by the trial court. Additional facts will be mentioned and addressed as necessary to discuss the merit of Denton's issue on appeal.

DISCUSSION

WHETHER THE TRIAL COURT ERRED IN DENYING DENTON'S REQUEST FOR AN OUT OF TIME APPEAL.
¶ 3. Denton argues numerous reasons why the denial of his motion for an out of time appeal should have been granted. First, Denton contends that he can not read or write, and an inmate helped him prepare and file his petition for post-conviction collateral relief. Second, Denton asserted that the writ writer failed to "follow up on the order denying relief." Third, Denton states that by the time his order was entered by the trial court denying his petition for post-conviction collateral relief he had been relocated elsewhere, and he was no longer in the presence of the inmate writ writer. Finally, Denton argues that he held the mistaken belief that in order to file an appeal from the denial of his motion for post-conviction collateral relief that he could not proceed without a final order. The trial judge did not find these arguments persuasive and denied his motion for an out of time appeal pursuant to Mississippi Rules of Appellate Procedure Rule 4(a) and the Mississippi Supreme Court case of Benbow v. State, 614 So.2d 398 (Miss.1993). Additionally, the trial court based its denial of the motion for an out of time appeal on the fact that the motion did not contain any allegation that Denton did not receive notice of the entry of the order which denied his petition for post-conviction collateral relief, and furthermore, the clerk had made a notation that a copy of the order denying relief was mailed to Denton.
¶ 4. Mississippi Rules of Appellate Procedure Rule 4(a) requires the notice of appeal to be filed with the clerk of the trial court within thirty days after the date of entry of the judgment or order being appealed. M.R.A.P. 4(a). The order denying the petition for post-conviction collateral relief was denied by the trial court on April 14, 1999, and a notation in the record reflects that a copy of this order was mailed to Denton on April 16, 1999. The record reflects that Denton's appeal was due to be filed on or before May 16, 1999. The record shows that Denton's notice of *817 appeal and motion for an out of time appeal were dated July 12, 1999 and were stamped "filed" on July 15, 1999. This Court agrees with the trial judge's determination that pursuant to M.R.A.P. Rule 4(a), Denton's notice of appeal was out of time. Additionally, this Court notes that pursuant to M.R.A.P. Rule 4, under certain circumstances the trial judge is vested with discretion regarding whether an extension for time to file the notice of appeal will be granted. Denton does not fall within any of these exceptions.
¶ 5. One exception which allows for an out of time appeal is Mississippi Rules of Appellate Procedure Rule 4(h). Mississippi Rules of Appellate Procedure Rule 4(h) allows for an out of time appeal "if [the trial court] finds (a) that a party entitled to notice of the entry of judgment or order did not receive such notice from the clerk or any party within 21 days of its entry...." M.R.A.P. 4(h). As aforementioned, the order denying the petition for post-conviction collateral relief reflects that a copy of the order was mailed to Denton on April 16, 1999. Denton asserted in his motion for an out of time appeal presented to the trial court that he believed that a final order was necessary before an appeal was filed. This assertion makes it unclear as to what Denton is really arguing. This Court can not determine whether Denton received the order as reflected in the record; however, he could not appreciate its importance as a final order, or he is contending that he never received a copy of said order.
¶ 6. In the advisory committee note of Mississippi Rules of Appellate Procedure Rule 4, it acknowledges that the party seeking relief carries the burden of persuasion regarding the lack of a timely notice. M.R.A.P. 4.; see Nunley v. City of Los Angeles, 52 F.3d 792, 798 (9th Cir. 1995). There must be a specific factual denial of receipt of notice to rebut and terminate the presumption that notice was mailed and received. Id. Denton failed to state specific facts to show that the notice was not received in a timely manner; therefore, he fails to meet his burden and the issue has no merit.
¶ 7. This Court is mindful that the Mississippi Supreme Court has allowed the suspension of Mississippi Rules of Appellate Procedure Rule 4 for out of time appeals. However, these instances are limited in scope. In Williams v. State, 456 So.2d 1042, 1043 (Miss.1984), there were three inmates who were requesting an out of time appeal. The inmates alleged that they never received notice of the order which denied their motion, and that if they had known of said denial they would have filed a timely appeal. Id. The Mississippi Supreme Court held in Williams that the inmates were entitled to prompt notice of the entry of the order. Id. The court acknowledged that no one had informed the inmates that the application had been denied and remanded the case to the circuit court for a determination of whether the untimely appeal was a result of their own actions. Id.; see also Jones v. State, 355 So.2d 89, 91 (Miss.1978) (stating that there is a procedure for the taking of an out of time appeal in a criminal case where the notice of appeal was not timely perfected due to no fault of the criminal defendant.); Miss.Code Ann. § 99-35-101 (Rev. 1994); Miss.Code Ann. § 99-39-5(1)(h) (Supp.1999). For the previously enumerated reasons, Denton failed to meet his burden and disclose specific facts that would substantiate that his appeal was untimely due to no fault of his own. This Court also recognizes that Denton fails to meet the exception of "excusable neglect" embodied in Mississippi Rules of Appellate Procedure Rule 4(g). Even though this Court determines that the trial court was correct in denying Denton's motion for an out of time appeal, we also determine that if his appeal had been granted his petition for post-conviction collateral relief is without merit.
¶ 8. Denton primarily contends that his plea was involuntary due to ineffective assistance of counsel. Denton claims that *818 his attorney coerced and scared him into pleading guilty by telling him that he would receive a thirty year sentence if he did not plead guilty; however, he does not enumerate specific facts. Denton further stated that he informed counsel that he was not guilty of the crime charged but that counsel insisted that he plead guilty.
¶ 9. To prevail on the issue of whether Denton's defense counsel's performance was ineffective requires a showing that counsel's performance was deficient and that the defendant was prejudiced by counsel's mistakes. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The burden is on the defendant to bring forth proof which demonstrates that both prongs of the Strickland test are met. Moody v. State, 644 So.2d 451, 456 (Miss.1994). There is a strong but rebuttable presumption that counsel's conduct falls within a wide range of reasonable professional assistance. Id. Accordingly, appellate review of counsel's performance is "highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct. 2052. "The deficiency and any prejudicial effect are assessed by looking at the totality of the circumstances." Carney v. State, 525 So.2d 776, 780 (Miss.1988). When this Court reviews the totality of the circumstances revealed in the record, we find that Denton has failed to meet his burden and substantiate the facts essential to proving deficiency and prejudice.
¶ 10. Denton was charged with the crime of sexual battery pursuant to Miss. Code Ann. § 97-3-95(2) (Rev.1994). Although the thought of being imprisoned for thirty years may have scared Denton and created an incentive to plead guilty with the hope of receiving a lesser sentence, nevertheless, Miss.Code Ann. § 97-3-101 (Rev.1994) allows the trial court to sentence Denton to a maximum of thirty years in prison. Denton's attorney was not ineffective by informing Denton that he might receive such a sentence if convicted of the crime for which he was charged. Additionally, this Court notes that Denton's other arguments are contrary to his testimony at the guilty plea hearing. When the guilty plea hearing containing the prior sworn testimony of the criminal defendant, on its face, contradicts his claim, an evidentiary hearing is not required. Templeton v. State, 725 So.2d 764, 767 (Miss.1998).
¶ 11. Denton has failed to prove the first prong of the Strickland test and establish that his attorney's conduct fell below the standard of reasonable professional assistance. Since Denton has failed to prove that his attorney's performance was deficient, we will not address the prejudice prong of the Strickland test. See Pitts v. Anderson, 122 F.3d 275, 279 (5th Cir.1997). Additionally, Denton failed to enumerate how or by whom he would prove any of his contentions.
¶ 12. Mississippi Code Annotated § 99-39-9(e) (Rev.1994) requires that the prisoner supply information regarding "how or by whom said facts will be proven." This proof can be established through affidavits of witnesses who will testify or copies of records or documents offered; however, if none of this information can be provided, the prisoner must specifically state why, what has been done to try and obtain it, and a request that the court excuse its absence. Mississippi Code Annotated. § 99-39-9(e) (Rev.1994). Denton has no affidavits and has failed to present someone or something to prove his asserted facts. Additionally, Denton does not explain why this evidence is not present or what was done to try and obtain this information. Furthermore, Denton did not request the court to excuse the absence of this evidence. Therefore, this issue is without merit, and accordingly, we affirm the decision of the trial court.
*819 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY DENYING OUT-OF-TIME APPEAL IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.