932 So.2d 61 (2006)
Kenneth O. ANDREWS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01724-COA.
Court of Appeals of Mississippi.
April 18, 2006.
Certiorari Dismissed June 22, 2006.
Kenneth O. Andrews, appellant, pro se.
*62 Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before MYERS, P.J., SOUTHWICK and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. Kenneth Andrews pled guilty to sexual battery on June 12, 2001, in the Circuit Court of Pike County. He was sentenced to twenty years, ten to serve in the custody of the Mississippi Department of Corrections with the remainder to be served under post-release supervision. Andrews filed a motion for post-conviction relief on July 6, 2004, in the Circuit Court of Pike County, which was denied.

FACTS
¶ 2. On June 12, 2001, Andrews entered a guilty plea to the charge of sexual battery. On July 6, 2004, Andrews filed a motion for post-conviction relief in the Pike County Circuit Court. The Pike County Circuit Court on July 17, 2004, denied Andrews' motion as being time-barred by the applicable three years statute of limitations in accordance with Mississippi Code Annotated § 99-39-5 (Supp. 2005). Andrews filed a notice of appeal on August 27, 2004. The circuit court ruled Andrews' notice untimely according to Rule 4(a) of the Mississippi Rules of Appellate Procedure on September 20, 2004. Andrews filed a motion requesting an allowance for an out-of-time appeal based upon mental incompetence, and after the court reviewed Andrews' medical records, it ruled Andrews competent and denied this motion on November 12, 2004. Andrews appeals the ruling of the trial court.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 3. Post-conviction collateral relief is "to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues, or errors which in practical reality could not have been or should not have been raised at trial or on direct appeal." Miss. Code Ann. § 99-39-3(2) (Rev.2000). Post-conviction relief is not the same or a substitute for direct appeal. See Cole v. State, 666 So.2d 767, 772-73 (Miss.1995).

STANDARD OF REVIEW
¶ 4. This court will not disturb the trial court's factual findings, when reviewing a decision to deny a petition for post-conviction relief, unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). However, the applicable standard of review is de novo where questions of law are raised. Id. at 598(¶ 6).
¶ 5. According to M.R.A.P 4(a), Andrews had thirty days from the entry of judgment to file his notice of appeal. The trial court denied Andrews an extension of time. However, this Court may suspend Rule 4, for good cause shown, and allow out-of-time appeals in criminal cases but not civil. M.R.A.P. 2. The rules controlling criminal appeals govern post-conviction relief proceedings. See Miss.Code Ann. § 99-39-25(1) (Rev.2000); Williams v. State, 456 So.2d 1042, 1043 (Miss.1984). The party seeking an out of time appeal carries the burden of persuasion regarding the lack of a timely notice. M.R.A.P 4; Denton v. State, 762 So.2d 814, 817(¶ 6) (Miss.Ct.App.2000). However, we agree with the trial court's ruling that Andrews has not shown good cause for an out of time appeal; therefore, this Court does not have jurisdiction over this matter.
¶ 6. Even if Andrews' notice of appeal was timely filed giving this Court jurisdiction, we still agree with the circuit court's ruling. The Pike County Circuit Court dismissed Andrews' post-conviction *63 relief motion for being time barred in accordance with Mississippi Code Annotated § 99-39-5(2) (Supp.2005). Andrews pled guilty on June 12, 2001, and he waited over three years to file his motion. Mississippi Code Annotated § 99-39-5(2) sets forth certain exceptions which if the prisoner can demonstrate will override the three year limitation, those exceptions include: an intervening decision by either the United States Supreme Court or the Mississippi Supreme Court which would have actually adversely affected the outcome of the prisoner's conviction or sentence; the prisoner's possession of evidence which was not reasonably discoverable at the time of the trial, but had such evidence been introduced at trial it would have caused a different result; and the prisoner claims that his sentence has expired or his probation, parole or conditional release have been unlawfully revoked. (Supp.2005). Andrews makes no claim within these exceptions. Andrews' claims are all included in Mississippi Code Annotated § 99-39-5(1), and are therefore time barred when not brought within the three year time limitation. Therefore, we find no need to address Andrews' issues set forth in his motion.
¶ 7. We would, however, like to point out that Andrews argues that his sentence is illegal because he was sentenced to ten years of post-release supervision. Andrews asserts that according to Mississippi Code Annotated § 47-7-34 (Rev.2004), the maximum amount of time that the Mississippi Department of Corrections may supervise an offender on the post-release supervision program is five years. However, the Mississippi Supreme Court has held that the statute limits five years for the period of time that Mississippi Department of Corrections may supervise an offender who is on post-release supervision, but the clear language of the statute does not limit the total number of years of post-release supervision to five years. Miller v. State, 875 So.2d 194, 200(¶ 11) (Miss.2004); See Johnson v. State, 925 So.2d 86 (Miss.2006). Therefore, according to the Mississippi Supreme Court, Andrews sentence was not illegal.
¶ 8. Accordingly we find the trial court committed no error, and we dismiss Andrews' motion for post-conviction relief.
¶ 9. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., LEE, P.J., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.