CHANDLER, J.,
 

 for the Court.
 

 ¶ 1. Herman Prather pleaded guilty to sexual battery on December 1, 2005. Thereafter, Prather filed a motion entitled “petition for post-conviction collateral relief act [sic]” with the Circuit Court of Tippah County, which was denied on January 19, 2007. Prather then filed his notice of appeal on August 14, 2007, with the circuit court. Prather argues that the trial court erred by denying his petition and asserts multiple assignments of error. We find that Prather’s notice of appeal was not timely filed and dismiss his appeal for lack of jurisdiction.
 

 FACTS
 

 ¶ 2. After Prather pleaded guilty in December 2005, he was sentenced to serve thirty years, with fifteen years suspended, in the custody of the Mississippi Department of Corrections. Prather filed a motion for post-conviction relief (PCR) in the trial court in November 2006 and such petition was denied by that court on January 19, 2007. Prather then filed his notice of appeal with the trial court on August 14, 2007.
 

 ANALYSIS
 

 ¶ 3. Mississippi law requires that a “notice of appeal ... shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment.” M.R.A.P. 4(a). Any appeal which violates the thirty-day requirement of Mississippi Rule of Appellate Procedure 4 “shall be dismissed.” M.R.A.P. 2(a)(1). A pro se prisoner’s PCR motion is considered filed on the date that he delivers the papers to the prison authorities for mailing.
 
 Sykes v. State,
 
 757 So.2d 997, 1000-01(¶14) (Miss.2000). This is known as the prison mailbox rule.
 
 Id.
 

 ¶ 4. The trial court issued its order denying Prather’s PCR motion on January 19, 2007. The thirty-day period for filing an appeal would have ended on Sunday, February 18, 2007. The following Monday, February 19, 2007, was George Wash
 
 *746
 
 ington’s birthday, a state holiday for which the clerk’s office was closed. Consequently, Prather had until Tuesday, February 20, 2007, to timely file his appeal.
 
 See
 
 M.R.A.P. 26(a). Prather’s notice of appeal was received and filed by the trial court on August 14, 2007. It was forwarded to the supreme court and filed by the supreme court on August 23, 2007. Further, the accompanying “affidavit of poverty” was not signed by the notary until August 9, 2007. This was considerably outside Prather’s thirty-day deadline to file an appeal. Thus, Prather’s appeal was not timely filed under the prison mailbox rule because he failed to deliver the notice of appeal for mailing on or before February 20, 2007.
 

 ¶ 5. While it is true that “this Court may suspend Rule 4, for good cause shown, and allow out-of-time appeals in criminal cases ... [t]he party seeking an out[-]of[-]time appeal carries the burden of persuasion regarding the lack of a timely notice.”
 
 Andrews v. State,
 
 932 So.2d 61, 62(¶ 5) (Miss.Ct.App.2006) (citing M.R.A.P.4). Prather has shown no good reason as to why his notice of appeal was not filed until August 2007. This was more than six months after the trial court had denied his PCR motion and over five months after his thirty-day deadline for filing a notice of appeal had expired. Prather claimed in his “notice to show cause” that he is unable to read or write and relies on other inmates to help because the law library does not provide any form of assistance. He has been able to file every other document in a timely fashion such as his response to show-cause notice. It was filed with the court only eight days after the show-cause notice was sent to Prather by the supreme court clerk. He also claims that he timely delivered his notice of appeal for mailing to the Marshall County Correctional Facility’s legal assistance clerk and so his appeal should be considered timely filed under the mailbox rule. However, he does not provide any dates as to when he “timely filed” his papers. The signature of the notary proves that the notice of appeal was not signed until months after the thirty days to file the notice of appeal had expired.
 

 ¶ 6. It is evident that Prather’s notice of appeal was untimely filed. Thus, this Coui't has no jurisdiction to consider the appeal.
 

 CONCLUSION
 

 ¶ 7. We find that Prather’s notice of appeal was untimely filed. Therefore, we dismiss Prather’s appeal for lack of jurisdiction.
 

 ¶ 8. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TIPPAH COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.