PERRY M. HAWKINS, JR. *v.* FREDERICK E. ADAMS, WARDEN OF CONNECTICUT STATE PRISON

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 163872

Memorandum filed February 11, 1970

*Ralph F. Scofield,* of Bridgeport, for the plaintiff.

*Arlen D. Nickowitz,* of Bridgeport, for the defendant.

KLAU, J. This is a petition for a writ of habeas corpus alleging unlawful imprisonment. The plaintiff was found guilty, after a jury trial in the Supe-

---

rior Court, Fairfield County, on a charge of violation of the Dependency-Producing Drugs Act—Public Acts 1967, No. 555 §§ 8, 36 (a); General Statutes §§ 19-452, 19-480 (a)—and sentenced on March 14, 1969, to a term of not less than seven nor more than ten years in state prison. Under date of December 18, 1969, the plaintiff filed an application for writ of habeas corpus, claiming basically that his counsel was not effective in the course of the trial and that he was denied a right of appeal.

At the hearing, the plaintiff introduced no evidence with respect to his claim that he did not have effective assistance of counsel in the course of the trial. His claim is therefore based on the evidence produced at the hearing with respect to the denial of his right to appeal his case to the Supreme Court of this state. The evidence disclosed the following: Private counsel, provided by his parents, defended the plaintiff in the trial court. In the course of his trial, and on several occasions subsequent to trial and conviction, the plaintiff indicated to counsel that he wanted to appeal because of certain errors he felt had been committed in the trial. Trial counsel indicated to the plaintiff that he would not appeal as he felt there was no merit to the plaintiff's claims. Although counsel was aware that the plaintiff wanted to take an appeal at the time he was sentenced, counsel did not bring it to the attention of the court or move for an extension of time to take an appeal. The time limited for appeal has expired. Practice Book § 601.

At the time the plaintiff was convicted, he was an indigent person and was not aware of the procedure regarding appeals or time limitations. An examination of the transcript filed with the defendant's return reveals that at the time the plaintiff was sentenced the court did not inform him of his right to

appeal and his right to prosecute his appeal without expense to him by counsel appointed by the state if he was indigent. His present counsel was appointed by the trial court to represent him in any appropriate postconviction proceeding.

Although the time limited for taking an appeal has passed, "where on habeas corpus it has been properly determined that a right of appeal required by the federal constitution has been denied, any rule restricting an appeal merely because of lapse of time necessarily is ineffective to preclude an appeal in accordance with federal constitutional requirements." *Fredericks* v. *Reincke,* 152 Conn. 501, 508; *State* v. *Brown,* 157 Conn. 398, 401. The plaintiff's right to appeal could not be defeated by his counsel's unwillingness to take an appeal, or even by the opinion of his present specially appointed counsel that an appeal by the plaintiff does not appear to have any merit. The first appeal must be granted if a constitutional right of the plaintiff has been violated; *Fay* v. *Noia,* 372 U.S. 391, 439; *State* v. *Brown,* supra, 402; and, if indigent, the plaintiff is constitutionally entitled to the appointment of counsel. *Douglas* v. *California,* 372 U.S. 353; *Entsminger* v. *Iowa,* 386 U.S. 748.

In *United States ex rel. Smith* v. *McMann,* 417 F.2d 648, 654, 655, the court through its majority opinion stated: "We think the only practical, logical and fair interpretation to be given to Douglas v. California is that it imposes upon the state a duty to warn every person convicted of crime of his right to appeal and his right to prosecute his appeal without expense to him by counsel appointed by the state, if he is indigent. The right to appeal at the expense of the state is mere illusion if the convicted indigent defendant does not know such a right exists. And the one way to make sure that he does

know is to tell him so. . . . Thus the sound application of the doctrine of Douglas v. California, however, must be to grant relief irrespective of the existence or non-existence of implementing state or federal procedures, provided only that the two operative factors are present, i. e., the fact of indigence at the time of sentence and the fact that the prisoner did not know he could appeal without expense to himself. Indeed, in many cases, it is the very lack of such implementing procedures that is responsible for the violation of the prisoner's constitutional rights."

Thus the critical findings in this case are: Was Perry M. Hawkins, Jr., indigent at the time he was sentenced by the Superior Court in Fairfield County? Was Hawkins informed by the court or did he know prior to the expiration of his time to appeal that he could appeal without cost to himself and with counsel appointed by the state? Findings in favor of the plaintiff must be made, since he was indigent at the time he was sentenced and at that time he was not informed by the court of his right to appeal, nor did he know prior to the expiration of his time to appeal that he could appeal without cost to himself and with counsel appointed by the state. Consequently, the plaintiff has been precluded from obtaining a complete and effective appellate review of his conviction, in violation of his constitutional rights under the equal protection clause of the fourteenth amendment.

Action as to whether an appeal may now be had to the Supreme Court to review the plaintiff's conviction is, however, left to him and counsel to pursue in his criminal case.

Accordingly, judgment may enter that the petitioner, Perry M. Hawkins, Jr., shall be discharged unless counsel, engaged by him, or appointed by the

court, upon application of Ralph F. Scofield, Esq., of Bridgeport, special public defender to represent the petitioner, if the petitioner is found to be indigent, shall be granted a reasonable time in which to perfect an appeal to the Supreme Court of this state from the judgment rendered in the Superior Court in and for the county of Fairfield at Bridgeport, on March 14, 1969.