293 So.2d 1 (1974)
Isiah BENNETT
v.
STATE of Mississippi.
No. 47700.
Supreme Court of Mississippi.
April 8, 1974.
*2 Ben Owen, Columbus, for appellant.
A.F. Summer, Atty. Gen., by Timmie Hancock, Special Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
This case is before the Court on direct appeal by Bennett from a decision of the Circuit Court of Lowndes County denying his petition for writ of error coram nobis, and on cross-appeal by the State of Mississippi.
Bennett was convicted of murder on May 18, 1972, sentenced to serve a life term in the Mississippi State Penitentiary and transferred to the Penitentiary on June 9, 1972.
On August 16, 1972 Bennett filed an application with the Circuit Clerk of Lowndes County for a certified copy of all records on file with the clerk pertaining to his case. On the same day the clerk responded and furnished Bennett with the copies as requested. On September 11, 1972 Bennett filed an application for a "transcript of this Hon. Court in its beginning to ending of trial process in case State Vs Isiah Bennett." On September 11, 1972 the clerk acknowledged receipt of the request from Bennett and notified him that he was forwarding the request to the official court reporter. On September 20, 1972 a letter from the official court reporter was filed stating that a transcript had not been prepared because no appeal was taken in the case. The clerk wrote Bennett on September 20, 1972 that the court reporter's notes had not been transcribed and advised him that any further proceedings should be handled through his attorney and, if he had no attorney but desired to proceed further, the court would appoint an attorney for him. A motion sworn to on November 6, 1972 was filed by Bennett requesting the court to select and appoint counsel to represent him. On November 17, 1972 the circuit judge appointed an attorney to represent Isiah Bennett. From the above chronology of events, it is apparent that each request by Bennett received prompt attention.
On December 6, 1972 Bennett filed a motion for leave to file application for writ of error coram nobis in the Circuit Court of Lowndes County. The motion was obviously prepared by Bennett or by another inmate for him. Bennett acknowledged in the motion that he had received copies of all records on file with the clerk and alleged that the notes of the trial were not transcribed. Bennett further alleged that failure to transcribe the notes taken at his trial deprived him of liberty without due process of law, denied equal protection of the law and abridged his privileges and immunities as a citizen of the United States.
The cause came on for hearing on May 1, 1973 when counsel for Bennett made the following motion:
BY MR. OWEN: Comes now the defendant, Isiah Bennett, and moves the Court to amend his petition for Writ of Error Coram Nobis to include the following relief: that not only shall a copy of the transcript of the Court Reporter's notes be sought, but also the perfecting of an appeal in forma pauperis.
*3 Bennett first contends that the affidavit filed on August 16, 1972 was sufficient to perfect an appeal to this Court under Miss. Code Ann. § 99-35-105 (1972) which provides in part as follows:
If the appellant shall make affidavit that he is unable to give an appeal-bond, and unable to deposit a sufficient sum of money to cover costs, he shall have an appeal without bond or deposit for costs; and his appeal shall stay the judgment appealed from.
The affidavit was filed within the 90 days allowed for appeals to the Supreme Court under Miss. Code Ann. § 11-51-5 (1972).[1] Although Bennett's affidavit was filed within the 90 days allowed for appeals, it was limited to a request for a certified copy of records in the hands of the circuit clerk.
After the hearing on his petition for writ of error coram nobis Bennett filed a petition for writ of certiorari in this Court, and on September 17, 1973 the writ was denied without opinion [Isiah Bennett v. State of Mississippi, Misc. # 380]. In his petition for writ of certiorari Bennett alleged: "That while he was confined in the penitentiary, the time for appeal lapsed, but justice demands in this case that such an appeal be granted." Bennett now takes a different position from the statement contained in his petition for writ of certiorari and argues that his affidavit was sufficient to perfect his appeal.
Appeals are taken by filing a petion with the clerk of the court where the judgment was rendered and such petition need only state the rendition of the judgment or decree to be appealed from, and ask for an appeal. Miss. Code Ann. §§ 11-51-13, 11-51-15 (1972). However, under Miss. Code Ann. § 11-51-25 (1972) a written petition for an appeal is not necessary for its validity if a transcript of the record of the case is filed in the office of the Clerk of the Supreme Court.
Bennett failed to satisfy the statutory requirements necessary to perfect an appeal to this Court. We have held that since the right of appeal is statutory, an appeal must be perfected in the manner and within the time prescribed by statute. Cooper v. State, 175 Miss. 718, 168 So. 53 (1936). The affidavit of August 16, 1972 was not sufficient to confer jurisdiction on this Court and the denial of the writ of certiorari on September 17, 1973 is dispositive of this issue. The facts in this case are not sufficient for this Court to grant Bennett an out of time appeal. State v. Ridinger, 279 So.2d 618 (Miss. 1973) and cases cited therein.
Bennett also contends that he should be furnished a copy of the court reporter's stenographic notes taken at the trial for use on appeal. Miss. Code Ann. § 9-13-33 (1972) provides that in all cases in which the trial was noted by the official court reporter, any person desiring to appeal the case shall notify the court reporter in writing within 10 days after adjournment of court of the fact that a copy of the notes is desired. We have held that notice to the court reporter must be given within the time prescribed by statute, and in the absence of timely notice the notes, even if transcribed, may not be considered on appeal. McGee v. State, 203 Miss. 609, 35 So.2d 628 (1948); Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787 (1933). We decline to overrule our cases so holding. Bennett did not give the notice required by statute and therefore is not entitled to have the notes transcribed for the purpose of appeal.
He next argues that the lower court denied him his constitutional rights by failing to inform him that he could appeal his conviction and that counsel could be *4 appointed for that purpose if he were indigent.
At the hearing Bennett claimed that, following his conviction, he did not know that the court would appoint an attorney to prosecute his appeal if he were indigent, but learned of this fact after he had been in the penitentiary about two months. He stated that he desired to appeal his conviction. There was testimony by Bennett's wife and two of his friends that they attempted to retain an attorney to handle the appeal but were unsuccessful in their efforts due to a lack of funds. Bennett denied having discussed the possibility of an appeal with his retained trial counsel.
When the state produced the trial counsel and inquired whether he and Bennett had ever discussed an appeal, an objection to testimony by trial counsel relating to any discussion between him and Bennett about an appeal was sustained because of the attorney-client privilege.
The United States Supreme Court has held that an indigent defendant has the right to appointed counsel on appeal, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), reh. den. 373 U.S. 905, 83 S.Ct. 1288, 10 L.Ed.2d 200, but it has never spoken on the specific issue here presented: does there exist a constitutional obligation to inform a convicted defendant who was represented by retained counsel at his trial that he may appeal and may have counsel appointed for that purpose if he is indigent?
Conflicting viewpoints on this question have arisen in other jurisdictions. The leading case in favor of imposing a constitutional obligation upon the courts to inform a convicted defendant of his rights on appeal is United States ex. rel. Smith v. McMann, 417 F.2d 648 (2nd Cir.1969). In that case the United States Court of Appeals for the Second Circuit extended the philosophy of Douglas in the following language:
We think the only practical, logical and fair interpretation to be given to Douglas v. California is that it imposes upon the state a duty to warn every person convicted of crime of his right to appeal and his right to prosecute his appeal without expense to him by counsel appointed by the state, if he is indigent. The right to appeal at the expense of the state is mere illusion if the convicted indigent defendant does not know such a right exists. And the one way to make sure that he does know is to tell him so... . (417 F.2d at 654).
Similar results have been reached in: Peterson v. State, 54 Wis.2d 370, 195 N.W.2d 837 (1972); United States ex rel. Singleton v. Woods, 440 F.2d 835 (7th Cir.1971); Woodall v. Neil, 444 F.2d 92 (6th Cir.1971); Hawkins v. Adams, 28 Conn. Sup. 464, 265 A.2d 718 (Conn. 1970); Goodwin v. Cardwell, 432 F.2d 521 (6th Cir.1970); Nelson v. Peyton, 415 F.2d 1154 (4th Cir.1969); Commonwealth v. Ezell, 431 Pa. 101, 244 A.2d 646 (1968).
Other jurisdictions have failed to find in Douglas an imperative for the courts to inform a convicted defendant of his appeal rights when he was represented by retained counsel at his trial. In deciding this issue the United States Court of Appeals for the Fifth Circuit stated in Pate v. Holman, 341 F.2d 764 (5th Cir.1965):
We take the position that when a defendant has retained counsel of his own choosing the State cannot be held to have violated the constitutional right of an indigent to counsel on appeal, unless the need for appellate counsel is brought home to the State, either by the defendant's request for appellate counsel or because a responsible State official has actual knowledge that the defendant is indigent and desires to appeal his conviction. (341 F.2d at 773).
See also: Copeland v. Beto, 471 F.2d 710 (5th Cir.1973); Turnbow v. Beto, 477 F.2d 1151 (5th Cir.1973); Upshaw v. State, 50 Ala.App. 172, 277 So.2d 917 (1973); Commonwealth v. Gauthier, 280 N.E.2d 426 (Mass. 1972); Giles v. Beto, 437 F.2d 192 *5 (5th Cir.1971); Pulver v. State, 93 Idaho 687, 471 P.2d 74 (1970); McGriff v. Wainwright, 431 F.2d 897 (5th Cir.1970); McIntosh v. Commonwealth, 368 S.W.2d 331 (Ky. 1963).
Under Douglas the trial court is obliged to provide free appellate counsel to an indigent defendant who desires to appeal his conviction. However, we do not read into Douglas a constitutional requirement that the trial court must, upon a defendant's conviction, initiate an inquiry into the defendant's desire to appeal and his financial capability to retain counsel to prosecute that appeal when the defendant was represented by retained counsel at his trial.[2] We therefore hold that, since Bennett was represented by retained counsel at his trial, there was no obligation on the part of the trial judge to inform Bennett after conviction that he had the right to appeal and to court-appointed counsel and a free transcript if he were indigent.
Finally, we turn to the state's cross-appeal. The state argues that the privilege protecting attorney-client communications was erroneously invoked when Bennett's trial counsel attempted to relate a conversation he had with Bennett concerning a possible appeal of appellant's conviction. We agree. It is stated in 58 Am.Jur., Witnesses, § 526:
While a client does not lose the benefit of the privilege where he is compelled, against his protest, to disclose confidential statements, if he voluntarily introduces testimony relating to such communications, his privilege may not thereafter be asserted. Thus, where he voluntarily testified, as a witness, to confidential communications made by him to his attorney, he thereby waives the privileged character of such communications, and he and his attorney may then be fully examined in relation thereto. Any other rule would subject the lawyer to any kind of scurrilous and unjust attack... .
Similar rules have been followed in: Wilson v. Wainwright, 248 So.2d 249 (Fla. App. 1971); Battle v. State, 8 N.C. App. 192, 174 S.E.2d 299 (1970); State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966); Peppers v. Balkcom, 218 Ga. 749, 130 S.E.2d 709 (1963).
When Bennett testified that his trial counsel had never discussed with him the possibility of an appeal he waived any privilege with respect to communications with counsel on this issue. This testimony was, in effect, an accusation against his attorney for failing to advise him fully of his rights to appeal including the right to a free transcript and court-appointed counsel if he were indigent. To hold otherwise would be to permit a direct attack upon trial counsel's professional ability without permitting counsel to reply to such attack. By testifying Bennett waived the attorney-client privilege on the sole issue of whether or not a discussion of appeal was had. The lower court erroneously sustained Bennett's objection to the testimony of trial counsel on that issue.
It is here noted that the Code of Professional Responsibility permits testimony of an attorney under the circumstances of this case. DR4-101(C)(4) provides:
A lawyer may reveal:
(4) Confidences or secrets necessary ... to defend himself ... against an accusation of wrongful conduct.
*6 For the foregoing reasons, the lower court's refusal to grant the writ of error coram nobis is hereby affirmed.
Affirmed on direct appeal and reversed on cross-appeal.
All Justices concur.
NOTES
[1] § 11-51-5 was amended by Chapter 459, Laws of 1972, by reducing the time allowed for an appeal to 45 days. The amendment applies only to judgments or decrees rendered and filed for record after December 31, 1972.
[2] This problem does not arise in criminal prosecutions in the Federal Courts because Rule 32 of the Federal Rules of Criminal Procedure, as amended February 28, 1966, effective July 1, 1966, reads:

(2) Notification of Right to Appeal. After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant.