579 So.2d 555 (1991)
Michael TRIPLETT
v.
STATE of Mississippi.
No. 89-KA-1267.
Supreme Court of Mississippi.
April 24, 1991.
*556 Hugh Hathorn, Fair Mayo & Hathorn, Louisville, for appellant.
Mike C. Moore, Atty. Gen., Patricia W. Sproat, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and McRAE, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
This appeal is taken from an order of the Circuit Court of Winston County denying Michael Triplett's motion pursuant to the Mississippi Post-Conviction Collateral Relief Act for an out of time appeal following an evidentiary hearing. For reasons that follow, we reverse and render.

I.
On November 6, 1988, Michael Triplett was tried for murder, convicted of manslaughter, and sentenced to serve twenty (20) years in the custody of the Mississippi Department of Corrections. Triplett was nineteen years of age at the time of trial and had completed the eleventh grade.
Prior to trial, Triplett's parents employed Richard Burdine, Esq., of Columbus, Mississippi, to represent Triplett. Mr. Burdine stated that the contractual arrangement "most likely included an appeal." Attorney Burdine admonished his clients to pay his fee prior to trial. Neither Triplett nor his parents paid the entire fee. Attorney Burdine says they paid $500.00. The Tripletts say they paid more than $1,000.00, but concede the entire fee was not paid.
After sentence was imposed, Triplett and his parents met with his employed counsel and discussed an appeal. Triplett desired and requested an appeal. He obtained his release on a $30,000.00 appeal bond and left the court related matters in the hands of his retained counsel.
Here the crossroads of attorney/client relationship show divergent paths of comprehension. Attorney Burdine stresses that the appeal was conditioned on prepayment of the cost bill and the Supreme Court filing fee which was not paid by his clients. Two letters, dated December 12, 1988, and January 6, 1989, respectively, were introduced during the evidentiary hearing to prove the attorney's position. The January 6, 1989 letter, written by Mr. Burdine's paralegal per his request states in part:
Dear Mr. Triplett:
Mr. Burdine asked me to write and remind you of his letter dated December 12, 1988, regarding the cost of your appeal to the Supreme Court. Please send him $727.50 so that he can perfect your appeal to the Supreme Court. If this is not done, an out of time appeal will be necessary and the court may not allow it.
Triplett says he did not receive either of the letters. The record shows the following relevant events occurred after Triplett's trial, conviction, and sentence on November 6, 1988, excluding the two letters mentioned above:
(1) Attorney Burdine did not attempt to perfect an appeal;
(2) On May 7, 1989, the Winston County sheriff's office took Triplett into custody and delivered him to the Mississippi Department of Corrections;
(3) On July 27, 1989, Triplett wrote Attorney Burdine requesting information on his case, to no avail;
(4) On September 5, 1989, Triplett filed a motion in the Winston County Circuit Court to return to the Winston County jail to await the outcome of his appeal;
(5) On September 5, 1989, the Winston County Circuit Court overruled Triplett's motion because the record showed no appeal was perfected, and entered an order revoking his bond;
(6) On September 28, 1989, Triplett filed in the Winston County Circuit Court his motion for an out of time appeal because his attorney failed to perfect an appeal to the Mississippi Supreme Court.
*557 Upon conclusion of an evidentiary hearing, the trial court denied Triplett's motion and entered an order which states, in part:
The Court having heard the evidence adduced here at the hearing finds that Michael Triplett was convicted of manslaughter in this Court, having been charged with murder; that he was represented by Honorable Richard Burdine of the Columbus bar; that after his conviction a conference between Mr. Burdine and the family, the father of Michael Triplett who was the only one employed and had any income, said that he was not interested in the appeal, did not want to appeal the matter, for the reasons which he has set forth himself by his testimony [sic].
Apparently, Michael Triplett and his mother, Mary Triplett, did want to appeal.
The Court finds that they had employed Mr. Burdine to represent him for the sum of thirty-five hundred dollars ($3,500.00), of which they had paid him some five hundred dollars ($500.00), from which he had expenses for a private investigator of about half that sum.
The Court finds from the evidence here today that Mr. Burdine had agreed for that sum to carry the case to a conclusion, including an appeal.
* * * * * *
The Court finds and believes that Mr. Burdine represented Michael Triplett in accordance with his employment; that since he was not paid he would have been justified in not representing him after the trial, but the Court believes that Mr. Burdine intended and did represent him after the trial as he has stated here. He was in any event not obligated professionally or otherwise to pay the cost of appeal, and particularly so since his fee had not been paid.
* * * * * *
In any event, the Court finds that this case was not appealed by the deliberate decision of the Movant and his parents, and, therefore, the motion is overruled.
(emphasis added)

II.
Triplett was required to prove by a preponderance of the evidence that within the time for giving notice of appeal, he asked his attorney to appeal and his attorney through no fault of Triplett failed to perfect an appeal. Miss. Code Ann. § 99-39-23(7) (Supp. 1990); Fair v. State, 571 So.2d 965 (Miss. 1990); Barnett v. State, 497 So.2d 443 (Miss. 1986); Wilson v. State, 426 So.2d 792 (Miss. 1983); Jones v. State, 355 So.2d 89 (Miss. 1978).
Triplett charged, his attorney admitted, and the trial court found, that the attorney was employed to carry the case to conclusion, including an appeal. Triplett wanted and requested an appeal. Mr. Burdine attempts to excuse his failure to timely perfect an appeal on the ground he had not been paid in accordance with the fee agreement and that he wrote two letters advising his client that the court fees and court costs must be paid prior to the appeal being taken. Within the boundaries of this scenario is the admission and undisputed fact that Attorney Burdine took no action to withdraw from representation of his client, Triplett. The trial court record of the evidentiary hearing reveals the following question to and answer by Attorney Burdine:
Q. Did you ever file a motion to withdraw in the case?
A. No, I did not.
In Myers v. Mississippi State Bar, 480 So.2d 1080 (Miss. 1985), cert. denied, 479 U.S. 813, 107 S.Ct. 64, 93 L.Ed.2d 23 (1986), we announced the requirements applicable when an attorney representing a client in any court of record in this state seeks to withdraw from further representation. In Myers, we stated:

We take this occasion to announce to the bench and bar and the state of Mississippi at large that any time an attorney undertakes to represent a client in any court of record in this state that there attaches at that moment *558 a legal, ethical, professional and moral obligation to continue with that representation until such time as he is properly relieved by the court of record before whom he has undertaken to represent a client. This is true regardless of the circumstances under which his representation of that client may be terminated. This withdrawal may be accomplished only by the filing of a motion with the court with proper notice to the client.

The attorney may then withdraw upon the entry of a written order by the court granting him leave to withdraw from representation of his client.
* * * * * *
The courts of this state are dedicated to the fair and equal administration of justice and act in accordance with that high principle. It is incumbent upon the members of the bar of this state whose appearance before a court of record for a client assures that court that that client's rights are being protected by a duly licensed member of the bar of this state that when those rights are no longer to be protected by that particular member of the bar he has an immediate duty to notify both the court and the client so that the court may, if necessary, take steps to see that valuable rights are not thereby lost.
480 So.2d at 1092-93 (emphasis added); see also Unif.Cir.Ct.R. 1.11; Mississippi Rules of Professional Conduct 1.16.
Having contracted to pursue an appeal, it is incumbent upon an attorney to fulfill those obligations. Cf. Allison v. State, 436 So.2d 792 (Miss. 1983). If grounds for withdrawal or termination exist, the attorney must seek the court's permission to properly withdraw from representation, but incumbent upon the attorney is the duty to take all necessary steps to protect the defendant's right of appeal.
It is true that subsequent to trial and conviction of their clients, trial counsel may find themselves on the horn of dilemma, unsure whether or not to appeal. But the answer lies in the cloak of responsibility adorned by every criminal trial attorney when employment is accepted or appointment is made by the court. Unilateral withdrawal is manifestly not the solution. The problems of withdrawal may be more difficult than the British Army from Dunkirk but the requirements prerequisite to termination of attorney/client relationship remain paramount. Our rules and case law mandate written court permission to withdraw from representation prior to completion of the contract. Nothing less will suffice.
Something else is worthy of comment. Triplett was tried and convicted on November 6, 1988. He was released on appeal bond on November 22, 1988. The letter written for Mr. Burdine to Triplett on January 6, 1989, requested costs so he "can perfect your appeal to the Supreme Court." The document is positive proof that Attorney Burdine still represented Triplett for appeal purposes at that time.
When the undisputed testimony adduced in the trial court is considered, it becomes apparent that this case falls within the ambit of Wilson v. State, 426 So.2d 792 (Miss. 1983). In Wilson, we concluded that the trial court erred in ruling against a petition for an out of time appeal where undisputed testimony supported the allegations and was not contradicted by physical facts or facts within common knowledge. In such a situation, we accept the petitioner's testimony and allegations as true.

III.
There is another matter of moment. Triplett asserts that he was never advised by his attorney that if he had become indigent and could not pay the court costs or his lawyer, he could file a pauper's affidavit and proceed with the appeal in form pauperis. The State contends that in Bennett v. State, 293 So.2d 1, 4 (Miss. 1974), we took the position that there is no constitutional obligation to inform a convicted defendant represented by retained counsel at his trial that he may appeal in forma pauperis.
Indeed this is what Bennett expresses. And while Bennett is factually inapplicable *559 because Attorney Burdine's contractual obligations included pursuing an appeal, we welcome the opportunity to reject a former pronouncement which, like the dinosaur, has become extinct. Much water has run under the bridge since the birth of Bennett. Its bedrock was the premise that different standards should be applied when a defendant is represented by retained counsel instead of counsel appointed by the court. In retrospect one wonders why the right to meaningful assistance of counsel should be set apart exclusively for the indigents. Ineffectiveness of counsel should not be excused simply because counsel has been privately retained.
In step with the trends of time, the United States Supreme Court in 1980 addressed the problem in Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), and held there was no justifiable basis for maintaining such a dual standard. This Court too has recognized that for purposes of measuring the constitutional effectiveness of counsel, nothing turns on whether counsel was appointed or retained. Read v. State, 430 So.2d 832, 837 n. 1 (Miss. 1983); Culberson v. State, 412 So.2d 1184, 1185-86 (Miss. 1982).
The double standard of Bennett is no longer viable. We therefore take this opportunity to expressly overrule that portion of Bennett, and any other case, which attempts to draw a relevant distinction between court appointed and retained counsel where a defendant's right to appeal and effective assistance of counsel is concerned. See also Rogers v. State, 307 So.2d 551, 553 (Miss. 1975); Miller v. State, 231 So.2d 178 (Miss. 1970).

IV.
Finally, we note that, insofar as the record indicates, the running of the time for filing notice of appeal under our Supreme Court Rules was tolled for a substantial period of time following entry of final judgment due to Triplett's minority. See Miss.Sup.Ct.R. 4(f). This is another factor which the trial court should have considered in deciding whether to grant Triplett an out of time appeal.

V.
For the reasons stated above, we reverse the order of the trial court denying the motion for an out of time appeal and direct the trial court to permit the appeal.
LOWER COURT'S DENIAL OF POSTCONVICTION RELIEF REVERSED AND RENDERED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.