# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-KP-00692-SCT

*ROBERT JAMES JONES*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/14/93 |
| TRIAL JUDGE: | HON. HOWARD Q. DAVIS JR. |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT E. TUBWELL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY | |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 5/8/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/29/97 |

**EN BANC.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

Robert James Jones stands convicted by jury trial in the Circuit Court of Winston County of the crime of possession of a firearm by a felon, upon which he was sentenced to five years imprisonment. Jones failed to perfect an appeal within thirty (30) days of final judgment. Rule 4(e), M.R.A.P. He now proceeds under the Mississippi Uniform Collateral Post-Conviction Relief Act and demands an out-of-time appeal. Rule 22, M.R.A.P.; Miss. Code Ann. §99-39-5(1)(h) (Supp. 1990). The circuit court denied his application, and Jones, *pro se*, now appeals to the Mississippi Supreme Court, presenting the following issue for review:

> I. WHETHER APPELLANT HAS MET THE BURDEN OF PROOF TO BE ENTITLED
> TO AN EVIDENTIARY HEARING WHERE HE ALLEGES THAT HE ASKED FOR AN
> APPEAL BUT THROUGH NO FAULT OF HIS OWN THE APPEAL WAS NOT

**PERFECTED?**

## STATEMENT OF THE FACTS

Robert James Jones was indicted for two separate offenses in Washington County, Cause No.'s 21, 805 and 21,806. Jones was represented by the same privately retained counsel, Stan Perkins, in both. Jones went to trial by jury on Cause No. 21,806 (the cause which is the basis of this appeal) and was convicted on January 14, 1991, of felony firearm possession. Jones was sentenced to five years imprisonment on February 14, 1991. Motion for new trial was denied on February 27, 1991, thus entering final judgment.

Jones pled guilty in Cause No. 21,805 to the sale of cocaine. In return for the guilty plea, the State made a recommendation that Jones plead as a non-habitual offender and recommended a consecutive sentence of five years. In addition, Jones agreed not to appeal his conviction in Cause No. 21,806 and forfeited his automobile.

On March 4, 1991, the State made its recommendation, and Jones pled guilty. However, the court did not accept the recommendation and sentenced Jones to ten years imprisonment. In December 1991, Jones filed a motion for post-conviction relief challenging the voluntariness of his guilty plea in Cause No. 21,805. The motion was denied, and upon appeal to this Court, the denial was affirmed. *Jones v. State,* 631 So. 2d 829 (Miss. 1994). After Jones was sentenced to ten years imprisonment in Cause No. 21,805, he decided to appeal Cause No. 21,806. Through his sister and his girlfriend, Jones was able to pay Mr. Perkins $500 for the appeal. From the record it appears that Jones and Perkins, on March 13, 1991, discussed the probability of a successful appeal. A letter dated March 14, 1991, from Perkins states that he was returning the $500 to Robert Jones after their discussion in which Jones decided not to appeal. The record is void of any more contact between Jones and Perkins for several months. On December 16, 1991, Perkins sent Jones' file to Rufus White, a prison writ writer, who was now helping Jones with his legal matters, and a letter describing the agreement between the State and Jones in Cause No. 21,805.

Almost a full year after the conviction, in January 1992, Jones filed a motion for leave to proceed with an out-of-time appeal in Cause No. 21,806. Jones alleges that: (1) Perkins refused to appeal on the premise there were no grounds for appeal, (2) Perkins did not request permission from the court to withdraw from the representation of Jones, and (3) Jones was never informed that he may appeal *pro se.* In the order denying the motion, the circuit court notes that Perkins was privately employed counsel, Perkins informed Jones that there were no grounds for an appeal, Jones decided not to appeal, and that Perkins returned all moneys claimed to have been paid for the appeal. Further, the court notes that after Perkins returned the money, Jones could have retained other counsel to appeal. His motion was denied on May 14, 1993 in circuit court. An evidentiary hearing was not held, nor was Mr. Perkins compelled to respond to Jones' allegations.

## DISCUSSION OF THE ISSUE

### I. WHETHER APPELLANT HAS MET THE BURDEN OF PROOF TO BE ENTITLED TO AN EVIDENTIARY HEARING WHERE HE ALLEGES THAT HE ASKED FOR AN APPEAL BUT THROUGH NO FAULT OF HIS OWN THE APPEAL

**WAS NOT PERFECTED?**

A defendant convicted in a criminal action enjoys a right to appeal. Miss. Code Ann. § 99-35-101 (1972). That right is temporally entailed in that he must give notice of appeal within thirty (30) days of the date of the judgment imposing sentence or following final disposition of any post-trial motions, whichever is later. *See* Rule 4(a) and (e), M.R.A.P. In order to proceed with a motion for an out-of-time appeal following an evidentiary hearing, the appellant is required to prove by a preponderance of the evidence that within the time for giving notice of appeal, he asked his attorney to appeal and his attorney, through no fault of the appellant, failed to perfect an appeal. ***Triplett v. State,*** 579 So. 2d 555, 557 (Miss. 1991). The ***Triplett*** Court held that there is a constitutional obligation upon the trial court to inform the convicted defendant at his trial that he may appeal *in forma pauperis*. ***Id.,*** at 558-559.

## CONCLUSION

The record before this Court does not include the findings of the trial judge at the sentencing of Robert James Jones. An examination of the sentencing proceeding is needed to determine if the trial court's obligation was met. The case *sub judice* is reversed and remanded for an evidentiary hearing solely as to findings of the trial court judge at the sentencing of Robert James Jones.

**REVERSED AND REMANDED FOR EVIDENTIARY HEARING SOLELY AS TO THE FINDINGS OF THE TRIAL COURT JUDGE AT SENTENCING.**

**PRATHER, P.J., PITTMAN, SMITH AND MILLS, JJ., CONCUR. LEE, C .J., CONCURS IN RESULT ONLY. BANKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND McRAE, J.**

**BANKS, JUSTICE, DISSENTING:**

I would not limit the evidentiary hearing on remand as the majority does. I do not understand the purpose of the remand for an "evidentiary hearing solely as to the findings of the trial court judge." If it is the transcript of the sentencing hearing that we want, we can simply order diminution of the record. In fact the transcript of the sentencing hearing and the motion to withdraw the plea should be in that file already before the Court in the appeal from that action.

As I see the matter, Jones agreed to forego his appeal in exchange for a recommendation. He received the recommendation. The trial court did not follow it. The question is whether he is now bound to forego his appeal as a consequence of his prior agreement. That issue may have been resolved in Cause No. 92-KP-00205-SCT, where he appealed the action of the trial court denying him permission to withdraw his plea.

Assuming for present purposes that it was not, that is, that the failure to accept the recommended sentence arguably freed Jones to pursue his appeal, the question should be what, if any, advice Jones was given as to his right to appeal by the court or by anyone else. He claims that he was not advised

as to his right to appeal. The trial court in these proceedings found that because he had retained counsel he had no right to such advice. I disagree. Apparently the majority does as well because it cites *Triplett v. State*, 579 So. 2d 555 (Miss. 1991), for the contrary position. If that is so, we should be ordering an evidentiary hearing on the issue of whether the court ever advised Jones of his right to appeal in forma pauperis as opposed to one limited to the "findings" at the sentencing hearing. A full evidentiary hearing at which all issues concerning Jones' right to appeal should be ordered here.

**SULLIVAN, P.J., AND McRAE, J., JOIN THIS OPINION.**