NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-747

IN RE:

MARSHALL LEGACY FOUNDATION

**********

ON APPLICATION FOR SUPERVISORY WRITS OF REVIEW
FROM THE FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 15-3683
HONORABLE RONLAD F. WARE, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

WRIT GRANTED IN PART AND MADE PEREMPTORY;
WRIT DENIED IN PART; AND
REMANDED WITH INSTRUCTIONS.

Wilford D. Carter
Wilford Carter Law, LLC
1025 Mill Street
Lake Charles, Louisiana 70601
(337) 564-6990
Counsel for Relator:
     Preston L. Marshall as Co-Trustee of the Marshall Legacy Foundation

**Todd Clemons**
**Marcus L. Myers**
**Todd Clemons & Associates,**
**A Professional Law Corporation**
**1740 Ryan Street**
**Lake Charles, Louisiana  70601**
**Counsel for Respondents:**
       **Dr. Stephen D. Cook and Samantha Salkeld**

**Michael Reese Davis**
**Tim P. Hartdegen**
**Hymel Davis & Petersen, LLC**
**10602 Coursey Blvd.**
**Baton Rouge, Louisiana  70816**
**(225) 298-8118**
**Counsel for Respondent:**
       **Elaine T. Marshall as Co-Trustee of the Marshall Legacy Foundation**

**David Green**
**David Green Law Firm**
**316 Iris Street**
**Lake Charles, Louisiana  70601**
**(337) 437-8200**
**Counsel for Relator:**
       **Preston L. Marshall as Co-Trustee of the Marshall Legacy Foundation**

**Hunter Lundy**
**Rudie R. Soileau, Jr.**
**T. Houston Middleton IV**
**Daniel A. Kramer**
**Lundy, Lundy, Soileau & South, LLP**
**501 Broad Street**
**Lake Charles, Louisiana  70601**
**(337) 439-0707**
**Counsel for Relator:**
       **Preston L. Marshall as Co-Trustee of the Marshall Legacy Foundation**

**SAUNDERS, Judge.**

Relator, Preston L. Marshall (Preston), seeks supervisory writs from a ruling rendered by the Fourteenth Judicial District Court, Parish of Calcasieu, the Honorable Ronald F. Ware, presiding. The ruling set a hearing on a re-urged joint motion for reconsideration of rulings on a motion to transfer and a dilatory exception for September 22, 2016. The trial court granted a stay of the proceedings pending the outcome of this writ application; however, the trial court also set hearings on certain motions to disqualify attorneys and to subpoena lawyers for February 23-24, and March 1-3, 2017. For the reasons that follow, we grant the writ and make it peremptory insofar as Preston is seeking a remand with instructions to the trial court to proceed accordance with this court's prior ruling in *In Re: Marshall Legacy Foundation*, 15-1077 (La.App. 3 Cir. 11/25/15), an unpublished writ decision, and *In Re: Marshall Legacy Foundation*, 15-1195 (La.App. 3 Cir. 12/22/15), an unpublished writ decision. The writ is denied insofar as the stay of the proceedings granted by the trial court has rendered moot the issue raised by Preston regarding the order of the trial court setting a hearing for September 22, 2016.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter, as well as related litigation, has been before this court on multiple occasions. An opinion on another issue in this litigation is being issued in *In Re: Marshall Legacy Foundation*, 16-527 (La.App. 3 Cir. ___/___/17), ___ So.3d ___.

This matter arises out of a dispute over the control of the Marshall Legacy Foundation (MLF), which was created on December 23, 2013, when the Fourteenth Judicial District Court granted Elaine Marshall's (Elaine) request to divide the Marshall Heritage Foundation (MHF-Old) into two foundations: the

Marshall Heritage Foundation (MHF-New) and the MLF. The MLF was to be governed by co-trustees, Elaine, Dr. Stephen Cook (Dr. Cook), and Preston Marshall (Preston). Preston disagrees with Elaine's assertion that the MLF was "created" and instead argues that the old foundation was divided equally into two new foundations. The distinction is important because if there is nothing "created," "the existing articles of the foundation would carry over to the new foundations." The existing articles contained an "anti-amendment provision" which prohibited the amendment of the provisions contained in articles V, IX, and X. Article V contained a provision that limited Dr. Cook's tenure as a trustee to a single year. The new articles, which were not executed by the co-trustees until February, 2014, completely rewrote Article V and deleted the provision limiting Dr. Cook's tenure.

Preston filed an "Ex Parte Petition for Instructions Regarding the Marshall Legacy Foundation." Preston sought and was granted permission to direct Frost Bank and Frost Brokerage, where the MLF funds were placed, to pay certain sums to Baylor University and The Kincaid School. The next day, Preston filed a "First Supplemental Petition for Instructions Regarding the Marshall Legacy Foundation and for Injunctive Relief." On September 15, 2015, Preston was granted a TRO restraining Elaine and Dr. Cook from delegating the administration of MLF to MarOpCo (a Marshall family company) and from amending the prior years' tax returns.

Preston filed a "Second Supplemental and Amended Ex Parte Petition for Instructions Regarding the Marshall Legacy Foundation." Elaine filed dilatory exceptions of nonconformity with La.Code Civ.P. art. 235.2, vagueness, nonconformity with La.Code Civ.P. art. 891, unauthorized use of summary proceedings, improper cumulation of actions, and improper joinder of parties as

well as peremptory exceptions of no right of action and no cause of action. Elaine also filed a motion to strike and a motion to transfer. Dr. Cook adopted these pleadings as his own. Then, Preston filed a motion for a temporary restraining order (TRO) and a preliminary injunction and a "Third Amended Petition for Instructions Regarding the Marshall Legacy Foundation and for Injunctive Relief." Elaine re-urged her exceptions.

On October 6, 2015, the trial court heard Elaine's exceptions and Preston's motion for a TRO. The trial court denied both Elaine's motion to strike and motion to transfer. The trial court also denied Elaine's exceptions. The judgment at issue was rendered in open court; and thereafter, a written judgment was signed on October 19, 2015. The trial court also denied Preston's request for injunctive relief and stated that it was "not going to remove [Dr. Cook] by way of the preliminary injunction or the temporary restraining order." The denial of the TRO does not appear to have been reduced to writing.

Preston argues that his motions to disqualify attorneys and to subpoena lawyers must be heard prior to the determination of the exception of no right of action. The exact issue presented in the instant writ application was previously before this court in docket numbers 15-1077 and 15-1195. On November 25, 2015, this court issued the following ruling in 15-1077:

> **WRIT GRANTED IN PART AND MADE PEREMPTORY; WRIT DENIED IN PART; AND REMANDED WITH INSTRUCTIONS.** We hereby grant the writ application in part, to the extent that we reverse the trial court's denial of the exception of no right action filed by Elaine T. Marshall. We find that the record is insufficient to allow this court to rule on the merits of the trial court's ruling denying the peremptory exception of no right of action. Therefore, instead of entering judgment sustaining the exception of no right of action, we find that the determination of the outcome of the exception of no right of action goes to the merits of the case and must be determined at that time. La.Code Civ.P. art. 929. *See Knighten v. Knighten*, 447 So.2d 534 (La.App. 2 Cir.), *writ denied*, 448 So.2d 1303 (La.1984), *citing Ward v. Standard Materials, Inc.*, 293 So.2d

3

885 (La.App. 1 Cir. 1974), and Official Revision Comments (b) under Article 929 and the authorities cited therein. Therefore, the matter is remanded to the trial court with instructions to proceed in accordance with this opinion. As the determination of the merit of the exception of no right of action will affect the ruling to be entered on the remainder of the motions and exceptions, we pretermit review of those matters.

*In Re: Marshall Legacy Foundation*, 15-1077 (La.App. 3 Cir. 11/25/15), an

unpublished writ decision.

On December 22, 2015, this court issued the following ruling in 15-1195:

**<u>WRIT GRANTED IN PART AND MADE PEREMPTORY; WRIT DENIED IN PART; AND REMANDED WITH INSTRUCTIONS.</u>** We find no abuse of discretion in the trial court's grant of the motion to continue or the manner in which the trial court has set the matters for hearing as this is consistent with this court's prior ruling in *In Re: Marshall Legacy Foundation*, 15-1077 (La.App. 3 Cir. 11/25/15).

However, we grant the writ application filed by Preston L. Marshall insofar as he asserts that the determination of his motion to disqualify attorneys and motion to subpoena lawyers must be made prior to the hearing on the exception of no right of action. As the motion to disqualify attorneys was filed only days before this court issued its disposition in 15-1077 and the motion to subpoena lawyers was not filed until after the issuance of the disposition, these matters were not taken into consideration when this court issued its prior ruling that "[a]s the determination of the merit of the exception of no right of action will affect the ruling to be entered on the remainder of the motions and exceptions, we pretermit review of those matters." *In Re: Marshall Legacy Foundation*, 15-1077 (La.App. 3 Cir. 11/25/15). The hearing on these motions was continued based, in part, on the issuance of this court's earlier ruling. We find that the trial court abused its discretion in setting the motion to disqualify attorneys for hearing after the hearing on the exception of no right action since the issue of whether those attorneys have a conflict of interest in their representation of Elaine Marshall must be determined prior to their being allowed to represent her at the hearing on the exception. Moreover, we find that the trial court erred in issuing a ruling on the motion to subpoena lawyers prior to the completion on the hearing of that motion. Therefore, we reverse that part of the judgment prohibiting Preston L. Marshall from subpoenaing Bradley Trevino. We hereby remand this matter to the trial court with instructions to complete the hearing on the motion to disqualify attorneys and the motion to subpoena lawyers and make rulings thereon prior to the hearing on the exception of no right of action.

4

*In Re: Marshall Legacy Foundation*, 15-1195 (La.App. 3 Cir. 12/22/15), an unpublished writ decision.

On September 7, 2016, a scheduling conference was held off the record. At that time, the trial court set the motion to transfer and the dilatory exception (that were re-urged by Dr. Cook and Elaine) for hearing. On September 13, 2016, the trial court signed an order setting the hearing on the re-urged motions for September 22, 2016. The trial court granted a stay of the proceedings pending the outcome of this writ application. The trial court also set hearings on certain motions to disqualify attorneys and to subpoena lawyers for February 23-24, and March 1-3, 2017. This writ application followed.

## DISCUSSION

The issue raised by Preston in this writ application is whether the trial court erred in setting a hearing on the re-urged motion to transfer and dilatory exception for September 22, 2016, which was prior to the hearing set for the hearing of his motions to disqualify attorneys and subpoena lawyers. Preston contends that this order was in direct contradiction of this court's rulings which instructed the trial court to complete the hearing on the motion to disqualify attorneys and the motion to subpoena lawyers and make rulings thereon prior to the hearing on the exception of no right of action. Preston also seeks "a remand with instructions to set Defendants' re-urged motion and exception for after the trial court rules on [his] pending motions to disqualify attorneys and to subpoena lawyers."

Preston filed this writ application after the trial court granted his request for stay. "Louisiana jurisprudence holds that an issue is moot when a judgment or decree on that issue has been 'deprived of practical significance' or 'made abstract or purely academic.'" *Tobin v. Jindal*, 11-838, p. 5 (La.App. 1 Cir. 2/10/12), 91

5

So.3d 317, 321. Since the hearing on the re-urged motion to transfer and dilatory exception did not go forward on September 22, 2016, this issue is moot.

## DECREE

For the foregoing reasons, we find that the stay of the proceedings granted by the trial court has rendered moot the issue raised by Preston in the instant writ application insofar as it seeks to vacate the order of the trial court setting a hearing for September 22, 2016. However, insofar as Preston seeks a remand with instructions to the trial court, the writ is granted and this matter is remanded to the trial court for further proceedings in accordance with this court's prior ruling in *In Re: Marshall Legacy Foundation*, 15-1077 (La.App. 3 Cir. 11/25/15), an unpublished writ decision, and *In Re: Marshall Legacy Foundation*, 15-1195 (La.App. 3 Cir. 12/22/15), an unpublished writ decision. The trial court is hereby instructed to complete the hearing on the motion to disqualify attorneys and the motion to subpoena lawyers and make rulings thereon prior to the hearings on the exception of no right of action and the motion to transfer.

**WRIT GRANTED IN PART AND MADE PEREMPTORY; WRIT DENIED IN PART; AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.