ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. Nathan Sellers was convicted of aggravated assault. Sellers’s retained attorney, Kevin Camp, did not appeal Sellers’s conviction. Sellers filed a motion for an out-of-time appeal. The Rankin County Circuit Court summarily denied Sellers’s motion on the basis that the agreement between Sellers and Camp stated that Camp’s representation did not include appellate work. Aggrieved, Sellers appeals. We find that the circuit court erred when it did not conduct an evidentiary hearing to determine whether Sellers timely asked Camp to appeal his conviction. Accordingly, we reverse the judgment of the circuit court which summarily denied Sellers’s motion for post-conviction relief and remand this matter for further proceedings.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶2. Charged with aggravated assault, Sellers retained Camp to defend him. Camp charged Sellers $3,500 with a minimum up-front payment of $1,000 and monthly payments of $250 until Sellers satisfied the balance of Camp’s fee. The agreement between Camp and Sellers included a provision that “[t]he fee schedule quoted herein does not include ... appeals to a higher court....”
 

 ¶ 8. On February 21, 2008, Sellers was found guilty of aggravated assault. The Rankin County Circuit Court sentenced Sellers to twenty years in the custody of the Mississippi Department of Corrections. On March 5, 2008, aided by Camp, Sellers filed a motion for a judgment notwithstanding the verdict or, alternatively, for a new trial. That motion was never noticed for a hearing. The record does not indicate the reason why Sellers’s motion was never set for a hearing.
 

 ¶ 4. As best we can tell, the circuit court was unaware that Sellers had filed a motion for JNOV or a new trial until November 4, 2008, when it reviewed the record while hearing an unrelated motion. The circuit court later set Sellers’s motion for JNOV for a hearing scheduled for December 8, 2008. Sellers was transported to the circuit court for the hearing. Two days later, the circuit court entered an order denying Seller’s motion for JNOV or, alternatively, a new trial.
 

 ¶ 5. On July 15, 2009, Sellers filed a pro se motion for an extension of time to appeal. Sellers submitted an affidavit in support of his motion. According to Sellers, at the conclusion of his trial, he told Camp that he wanted Camp to appeal. Sellers also stated that Camp assured him that he “would perfect the requested appeal.” Sellers went on to state that, despite Camp’s assurance that he would file Sellers’s appeal, Camp failed to do so. Instead, Camp demanded an additional $5,000 to handle the appeal. Attached to Sellers’s motion was a letter that he had written to Camp. That letter, dated October 19, 2008, reads as follows:
 

 
 *428
 
 Dear Mr. Camp. I need you to send me a copy of my direct appeal motion and what all you have filed in the courts on my case[,] so I can figure out what all is going on with my case. Also what grounds did you raise in my appeal motion for direct appeal[?] I also need a full copy of my motion of discovery and my trial transcripts. Make sure if possible that you color copy the pictures of Terry Brown showing her neck and the picture of my girl’s leg also. Send my medical records I gave you permission to obtain.
 

 According to Sellers, Camp never responded.
 

 ¶ 6. On July 21, 2009, the circuit court denied Sellers’s motion for an extension of time to appeal. The circuit court noted that Sellers had attached a copy of his agreement with Camp as an exhibit to his motion for an extension of time to appeal. The circuit court also noted that “[t]he contract clearly provides in one of its beginning paragraphs that the representation did not include ‘appeals to a higher court.’ ” On August 19, 2009, Sellers appealed the circuit court’s denial of his motion for an extension of time to appeal.
 

 STANDARD OF REVIEW
 

 ¶ 7. When reviewing a circuit court’s decision to deny a motion for post-conviction relief, we will not disturb the circuit court’s factual findings unless they are found to be clearly erroneous.
 
 Callins v. State,
 
 975 So.2d 219, 222 (¶ 8) (Miss.2008). However, we review questions of law de novo.
 
 Id.
 

 ANALYSIS
 

 ¶ 8. Sellers argues that the circuit court erred when it summarily denied his motion for an extension of time to appeal. However, because Sellers is proceeding pro se, we consider the underlying merit of Sellers’s complaint so that any meritorious claim is not overlooked even though his motion may not be artfully drafted or articulated.
 
 Gatewood v. State,
 
 909 So.2d 754, 756 (¶ 4) (Miss.Ct.App.2005). The substantial issue in this case is whether Sellers is entitled to an evidentiary hearing to determine whether Sellers asked Camp to appeal Sellers’s aggravated assault conviction. The State agrees with the circuit court that the determinative feature of this issue is the fact that Sellers did not file a timely direct appeal and, despite Sellers’s claim that he asked Camp to appeal, Camp’s agreement to represent Sellers clearly indicated that he would only represent Sellers at the trial level.
 

 ¶ 9. One of the grounds for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act is an out-of-time appeal. Miss.Code Ann. § 99-39-5(l)(h) (Rev.2000). The Mississippi Supreme Court has held:
 

 To prove his right to an out-of-time appeal, the movant must show by a preponderance of the evidence that he asked his attorney to appeal within the time allowed for giving notice of an appeal. Moreover, the movant must show that the attorney failed to perfect the appeal and that such failure was through no fault of the movant.
 

 Dickey v. State,
 
 662 So.2d 1106, 1108 (Miss.1995) (citation omitted). An eviden-tiary hearing is necessary when a record contains no indication that an attorney responded to his client’s request to appeal.
 
 Id.
 
 (citing
 
 Harris v. State,
 
 624 So.2d 100, 102 (Miss.1993)). Nevertheless, the Mississippi supreme court has held that no hearing is required when the record contains letters from trial counsel that provide documentary evidence sufficient to contradict an affidavit submitted by one who seeks post-conviction relief.
 
 Id.
 
 at 1108. Here, there is no documentary evidence
 
 *429
 
 that contradicts Sellers’s claim that he asked Camp to appeal the aggravated-assault conviction. Consequently, an eviden-tiary hearing is necessary.
 

 ¶ 10. The circuit court held that Sellers was not entitled to an out-of-time appeal because Camp’s agreement to represent Sellers indicated that Camp’s representation did not include appealing Sellers’s conviction. Be that as it may, Camp’s obligation to file Sellers’s appeal is part of his obligation as Sellers’s trial counsel. That obligation remained viable unless Camp properly obtained the trial court’s leave to withdraw as Sellers’s attorney. We have recently held that an appointed lawyer’s statement to his client that the lawyer’s representation ended upon conviction was an incorrect statement of law and an incorrect statement of the lawyer’s obligation to his client.
 
 Jones v. State,
 
 — So.3d-, 2010 WL 3310231 (¶ 17) (Miss.Ct.App.2010) (citing M.R.A.P. 6(b)(1)).
 

 ¶ 11. In
 
 Triplett v. State,
 
 579 So.2d 555, 558 (Miss.1991), letters in the record indicated that a retained lawyer told his convicted client that the client had to pay the lawyer’s fee before the lawyer would proceed with the client’s appeal. The supreme court held:
 

 If grounds for withdrawal or termination exist, the attorney must seek the court’s permission to properly withdraw from representation, but incumbent upon the attorney is the duty to take all necessary steps to protect the defendant’s right of appeal.
 

 It is true that subsequent to trial and conviction of their clients, trial counsel may find themselves on the horn of dilemma, unsure whether or not to appeal. But the answer lies in the cloak of responsibility adorned by every criminal trial attorney when employment is accepted or appointment is made by the court.
 
 Unilateral withdrawal is manifestly not the solution.
 
 The problems of withdrawal may be more difficult than the British Army from Dunkirk but the requirements prerequisite to termination of attorney/client relationship remain paramount. Our rules and case law mandate written court permission to withdraw from representation prior to completion of the contract. Nothing less will suffice.
 

 Id.
 
 at 559 (emphasis added). Furthermore, the supreme court has also stated:
 

 We take this occasion to announce to the bench and bar and the state of Mississippi at large that any time an attorney undertakes to represent a client in any court of record in this state that there attaches at that moment a legal, ethical, professional and moral obligation to continue with that representation
 
 until such time as he is properly relieved by the court of record before whom he has undertaken to represent a client.
 
 This is true regardless of the circumstances under which his representation of that client may be terminated. This withdrawal may be accomplished only by the filing of a motion with the court with proper notice to the client.
 

 The attorney may then withdraw upon the entry of a written order by the court granting him leave to withdraw from representation of his client.
 

 Myers v. Miss. State Bar,
 
 480 So.2d 1080, 1092-93 (Miss.1985) (emphasis added).
 

 ¶ 12. Additionally, we remind the bar of the following warning by the supreme court: “disputes between lawyer and client over instructions to take or not to take an appeal are difficult to resolve without a record. Lawyers should assist the court in this regard by reducing decisions whether to appeal a criminal conviction to a writing signed by the defendant.”
 
 Wright v. State,
 
 577 So.2d 387, 390 (Miss.1991). The supreme court also urged trial
 
 *430
 
 courts to “advise criminal defendants of their rights concerning appeal on the record at the time of sentencing and to solicit a decision in that regard.”
 
 Id.
 
 The supreme court further stated:
 

 Should a decision be made on the record to appeal the defendant should be advised that decision will stand unless a written statement to the contrary, signed by the defendant and the attorney, is filed with the court. Should the decision be made to waive appeal the defendant should, nevertheless, be informed of the time limits for appeal and told that his decision to waive shall stand unless he gives written notice to the court and his attorney prior to the expiration of the time. Should no decision be made the court should inform the defendant that his failure to express a desire to appeal shall be considered a waiver of his right to appeal and that such waiver will stand unless he gives written notice to the court and counsel prior to the expiration of the time in which to perfect the appeal.
 

 Id.
 

 ¶ 13. In conclusion, we find that the circuit court erred when it summarily denied Sellers’s motion for post-conviction relief. Because the record contains no statement from Camp that is contrary to Sellers’s statement that he requested that Camp appeal Sellers’s conviction, we remand this case for an evidentiary hearing. Because Sellers claimed that Camp refused to file Sellers’s appeal since Sellers could not pay Camp’s additional fee, on remand, the circuit court should consider whether Sellers is indigent and whether new counsel should be appointed for Sellers. If the circuit court grants Sellers’s motion for an out-of-time appeal and the State does not appeal that ruling, then Sellers may file a direct appeal of his underlying aggravated-assault conviction. If the circuit court denies Sellers’s motion for an out-of-time appeal, he would be entitled to appeal the circuit court’s decision with the necessary record of the evi-dentiary hearing.
 

 ¶ 14. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND MAXWELL, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.