# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00336-COA

**TREMAINE WHITTAKER A/K/A TREMAINE WHITAKER A/K/A TREMAINE A. WHITTAKER**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/22/2014 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | TREMAINE WHITTAKER (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART JASON L. DAVIS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR OUT-OF-TIME APPEAL DISMISSED DUE TO LACK OF JURISDICTION |
| DISPOSITION: | REVERSED AND REMANDED FOR EVIDENTIARY HEARING - 08/23/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., WILSON AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. Tremaine Whittaker appeals to this Court requesting permission to file an out-of-time direct appeal of his criminal convictions and sentences. Whittaker asserts that his trial counsel failed to file his notice of appeal, and that he was not informed of his potential right to appointed appellate counsel based on indigency. We reverse and remand for the trial court to conduct an evidentiary hearing on whether Whittaker should be granted an out-of-time

appeal, with particular consideration of whether Whittaker was aware of his potential right to appointed counsel.

## FACTS AND PROCEEDINGS BELOW

¶2.     A jury convicted Whittaker of statutory rape, sexual battery, and gratification of lust in September 2012. He was sentenced to two terms of thirty years and one term of fifteen years, all to be served concurrently. Whittaker was represented at trial and sentencing by attorney Andy Sumrall, who had been hired by Whittaker's retained attorney, Michael Marks. Whittaker was not informed by the trial court on the record at sentencing of his right to appeal within thirty days of the entry of judgment or that if he was indigent he could be appointed an attorney for appeal. A direct appeal was never taken.

¶3.     On September 19, 2013, eleven months after the final entry of judgment, Whittaker filed a post-conviction motion in the trial court requesting an out-of-time appeal. The trial court entered an order denying Whittaker's post-conviction motion on April 22, 2014,[1] citing lack of jurisdiction due to the motion being filed more than 180 days after entry of the judgment of conviction. The trial court granted Whittaker's motion for indigency status to appeal the denial of post-conviction relief.

¶4.     Whittaker asserts that, while talking to Marks prior to the sentencing hearing on October 13, 2012, Whittaker told Marks that he wanted to appeal the conviction and that Marks said that he would be in touch. Whittaker attached copies of two letters to his motion. He asserts that, following the sentencing hearing, he sent a handwritten letter to Marks

---

[1] The trial judge signed the order on April 21, which was entered by the clerk on April 22, 2014.

through Whittaker's girlfriend, Eumeka Martin, dated November 4, 2012. The body of the letter states:

> I have sent word that I would like to speak with you. I have yet to receive a reply. I would very much like to know about motions for a retrial or appeal process. I understand there are deadline[]s and you have other clients. This is of the utmost importance. Attorney[]s do not have to schedule appointments. I am housed at the downtown detention center on Pascagoula Street. Please contact me or Eumeka Martin about this matter. Thank you for your time and effort.

Whittaker states that he received a hand-delivered reply letter from Marks on November 7. The body of the letter reads:

> Herewith I hand you a copy of the Order of the Court overruling your Motion for [a] New Trial. Please note the date the Order was filed. You have thirty (30) days from that date to file your Notice of Appeal.
>
> We talked once with your mother but she was not sure who she wanted to employ to handle your appeal.
>
> You must file your Notice of Appeal timely. If you wish to employ us to do the appeal our fee is $10,000. It must be paid in full to our office two (2) days before the final date to file the Notice of Appeal.
>
> If you choose to hire another law firm you and/or your family need to seek another counsel immediately.
>
> A copy of this letter goes to Eumeka Martin who contacted us today.

Walker asserts that, up until the receipt of this letter, it was his understanding that Marks had undertaken to represent him on appeal. The order denying the motion for a new trial had been entered on October 22, 2012.

¶5. Transcripts of the jury verdict and the sentencing hearing are included in the appellate record. Marks is now deceased.

**DISCUSSION**

¶6.    In criminal cases, Rule 2(c) of the Mississippi Rules of Appellate Procedure permits this Court to suspend the thirty-day deadline found in Mississippi Rule of Appellate Procedure 4(a) for good cause shown. M.R.A.P. 2(c). An out-of-time appeal is granted by this Court "where a person is convicted of a crime and through no fault of his own is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attorney or the trial court." *Havard v. State*, 911 So. 2d 991, 993 (¶10) (Miss. Ct. App. 2005) (quoting *Jones v. State*, 355 So. 2d 89, 90 (Miss. 1978)).[2] An evidentiary hearing is necessary when a record contains no indication that an attorney responded to his client's request to appeal. *Harris v. State*, 578 So. 2d 617, 619-20 (Miss. 1991); *Sellers v. State*, 52 So. 3d 426, 430 (¶13) (Miss. Ct. App. 2009). The trial court lacks jurisdiction to consider a request for an out-of-time appeal more than 180 days after the entry of the final judgment, and denials of such requests will be reviewed for abuse of discretion. *Edmond v. State*, 991 So. 2d 588, 589 (¶5) (Miss. 2008); M.R.A.P. 2(c) & cmt.

¶7.    In *Triplett v. State*, the Mississippi Supreme Court held that a defendant has the right to be advised that if he has become indigent and cannot pay the court costs or his retained trial lawyer, he can file a pauper's affidavit and proceed with the appeal in forma pauperis. *Triplett v. State*, 579 So. 2d 555, 558 (Miss. 1991) (overruling *Bennett v. State*, 293 So. 2d 1, 4 (Miss. 1974)). In *Parker v. State*, 921 So. 2d 397 (Miss. Ct. App. 2006), this Court declined to grant post-conviction relief where a petitioner made an argument that he was

---

[2] *See also* Miss. Code Ann. § 99-39-5(1)(i) (Rev. 2015).

unaware of his potential right to court-appointed appellate counsel. *Id*. at 399 (¶6). However, in *Parker*, the motion for an out-of-time appeal was filed ten years following the final entry of judgment, and the petitioner provided only a cursory statement by affidavit to support that he was uninformed of his right as an indigent to appellate counsel. *See also Havard*, 911 So. 2d at 992 (¶6) (denial of out-of-time appeal appropriate where no evidence presented to support defendant's claim that he never received notice of final judgment).

¶8. Here, Whittaker proposes to submit as evidence the two letters referenced above, and we have before us the sentencing transcript demonstrating that he was not informed on the record of his potential right to court-appointed counsel. Whittaker purportedly operated under the assumption that his trial counsel was going to represent him on appeal until informed otherwise two weeks before the deadline to file his notice of appeal, and at that time his attorney purportedly only informed him of options involving hiring an attorney. If determined credible below, this confluence of circumstances may support that Whittaker's failure to perfect an appeal was due to no fault of his own, and that he should be granted leave to file an out-of-time appeal.

¶9. Mississippi's appellate courts have consistently recommended that trial judges and attorneys assist in creating a record that reflects a defendant's awareness and decision concerning rights to appeal. The Mississippi Supreme Court has stated:

> Lawyers should assist the court [in making a record] by reducing decisions whether to appeal a criminal conviction to a writing signed by the defendant. We note with approval the steps taken by the defendant's attorney in *Fair v. State*, 571 So. 2d 965 (Miss. 1990).
>
> We . . . urge trial courts to advise criminal defendants of their rights

concerning appeal on the record at the time of sentencing and to solicit a decision in that regard. Should a decision be made on the record to appeal the defendant should be advised that decision will stand unless a written statement to the contrary, signed by the defendant and the attorney, is filed with the court. Should the decision be made to waive appeal the defendant should, nevertheless, be informed of the time limits for appeal and told that his decision to waive shall stand unless he gives written notice to the court and his attorney prior to the expiration of the time. Should no decision be made the court should inform the defendant that his failure to express a desire to appeal shall be considered a waiver of his right to appeal and that such waiver will stand unless he gives written notice to the court and counsel prior to the expiration of the time in which to perfect the appeal.

*Wright v. State*, 577 So. 2d 387, 390 (Miss. 1991).

¶10. Trial attorneys who have explicitly contracted to only represent a criminal defendant at trial should still make every effort, along with trial judges, to assist in creating a record at trial that reflects a defendant's awareness of his rights concerning appeal. Clients who have become indigent should be educated on the steps necessary to secure court-appointed appellate representation. Indigence should not serve as a barrier to a criminal defendant perfecting an appeal.

**CONCLUSION**

¶11. We reverse and remand for the trial court to conduct an evidentiary hearing on whether Whittaker is entitled to an out-of-time appeal, with particular consideration of whether Whittaker was aware of his potential right to court-appointed appellate counsel. If the circuit court grants Whittaker's motion for an out-of-time appeal and the State does not appeal that ruling, Whittaker may file a direct appeal of his underlying convictions. *Sellers*, 52 So. 3d at 430 (¶13). If the circuit court denies Whittaker's motion for an out-of-time appeal, he would be entitled to appeal the circuit court's decision with the necessary record

6

of the evidentiary hearing. *Id*.

¶12.    **THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, IS REVERSED, AND THIS CASE IS REMANDED FOR AN EVIDENTIARY HEARING ON WHETHER TO GRANT AN OUT-OF-TIME DIRECT APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR AND JAMES, JJ., CONCUR.  BARNES, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.  WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**